STATE OF NORTH CAROLINA v. JACK GORDON GREENE

No. 405A92

(Filed 28 January 1994)

**Indigent Persons § 19 (NCI4th) — murder — request for psychological expert — ex parte hearing denied**

A defendant convicted of first-degree murder, second-degree kidnapping, larceny of a motor vehicle, breaking or entering, and larceny was entitled to a new trial where the trial judge denied defendant's request for an *ex parte* hearing on his request for a psychological or psychiatric expert to aid in his defense. If a hearing in which an indigent defendant seeks the assistance of a psychiatric expert is held in the presence of the State, the defendant's insanity or other defense

strategy is impermissibly exposed; furthermore, the defendant's inclination to reveal all relevant evidence may be stymied.

**Am Jur 2d, Criminal Law §§ 733, 750.**

Appeal of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment entered by Rousseau, J., at the 5 March 1992 Criminal Session of Superior Court, Guilford County, on a jury verdict finding defendant guilty of first-degree murder. On jury verdicts convicting defendant of second-degree kidnapping, larceny of a motor vehicle, two counts of breaking or entering, and two counts of larceny, defendant received a thirty-year sentence and five ten-year sentences respectively, all to run consecutively. On 9 March 1993 this Court allowed defendant's motion to bypass the Court of Appeals on the charges other than first-degree murder. Heard in the Supreme Court 16 November 1993.

*Michael F. Easley, Attorney General, by Jeffrey P. Gray, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Gordon Widenhouse, Assistant Appellate Defender, for defendant appellant.*

WHICHARD, Justice.

Defendant was tried capitally and convicted of the first-degree murder of his brother, Turner Buette Greene, Jr. Defendant, who was indigent, moved pre-trial for an *ex parte* hearing at which to present evidence to support his request for a psychological or psychiatric expert to aid in his defense. The trial court denied the motion. We hold that this ruling violated defendant's rights under the United States Constitution based on our prior holdings in *State v. Ballard*, 333 N.C. 515, 428 S.E.2d 178, *cert. denied*, --- U.S. ---, 62 U.S.L.W. 3346 (1993), and *State v. Bates*, 333 N.C. 523, 428 S.E.2d 693, *cert. denied*, --- U.S. ---, 62 U.S.L.W. 3349 (1993). The United States Supreme Court denied certiorari in both *Ballard* and *Bates* on 15 November 1993.

On 19 December 1991 defendant moved for an *ex parte* hearing at which he would apply for funds to obtain expert witnesses for his defense. The trial court denied the motion. On 24 February 1992 defendant moved for a psychological evaluation by a psychologist or psychiatrist and requested that the motion be heard *ex parte*.

In support of his motion, defendant cited his past treatment for alcoholism, his hospitalization for emotional behavior, and his increased use of alcohol and drugs during the year of the offense. Defendant also noted his troubled family history, including his father's suicide when defendant was less than two years old and his mother's death from an overdose of medication. Defendant previously had stated that Turner Greene, Jr., the victim here, caused their mother's death. Defendant's trial counsel argued that the *ex parte* hearing was necessary because defendant would divulge important defense tactics in support of his motion. The trial court denied his request for an *ex parte* hearing and his motion for funds for a psychological or psychiatric expert.

We agree with defendant that an *ex parte* hearing on his Motion for Psychological Evaluation was required. We addressed a similar situation in *Ballard.* There the non-capital defendant moved for an *ex parte* hearing at which to present evidence *in camera* to support his request for the appointment of a psychiatric expert. We held that the denial of the defendant's motion was constitutional error that entitled him to a new trial. *Ballard,* 333 N.C. at 516, 428 S.E.2d at 179. Though the defendant in *Ballard* was tried non-capitally, the same reasoning applies to capital defendants. *See Bates,* 333 N.C. at 527-28, 428 S.E.2d at 695 (awarding capital defendant a new trial based on denial of motion for *ex parte* hearing for appointment of forensic psychologist). In *Ballard* we stated that if a hearing in which an indigent defendant seeks the assistance of a psychiatric expert is held in the presence of the State, the defendant's insanity or other defense strategy is impermissibly exposed. *Ballard,* 333 N.C. at 519, 428 S.E.2d at 180. Further, when the State is present at a hearing that focuses on the defendant's lack of mental stability, the defendant's inclination to reveal all relevant evidence may be stymied. Such a hearing violates defendant's right against self-incrimination guaranteed by the Fifth Amendment to the United States Constitution because to obtain psychiatric assistance defendant is compelled to make statements that he would not otherwise voluntarily make before the State. *Id.* at 520-21, 428 S.E.2d at 181-82. A hearing for funds for a psychiatric expert held in the presence of the State also violates defendant's right to effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution. *Id.* at 521-22, 428 S.E.2d at 181-82. For these reasons, the trial court erred in denying defendant's motion for an *ex parte* hearing.

We note that *Ballard* and *Bates* had not been decided when this case was tried. The trial court thus could not have taken their holdings into account when making its ruling here.

We cannot know what evidence defendant would have presented at an *ex parte* hearing. Without that knowledge, we cannot deem the error here harmless beyond a reasonable doubt. N.C.G.S. § 15A-1443(b) (1988); *see Ballard*, 333 N.C. at 523, 428 S.E.2d at 183; *Bates*, 333 N.C. at 527-28, 428 S.E.2d at 695. Accordingly, defendant is entitled to a new trial.

Defendant's remaining assignments of error are unlikely to recur upon retrial. We therefore need not consider them.

NEW TRIAL.