Jack Gordon GREENE *v.* STATE of Arkansas

CR 96-362                                            929 S.W.2d 157

Supreme Court of Arkansas
Opinion delivered September 30, 1996

*William Pearson*, for petitioner.

PER CURIAM. The petitioner, Jack Gordon Greene, has filed two *pro se* motions with the Court, and his attorney, William Pearson, has filed a third motion seeking direction on how to proceed in view of Mr. Greene's motions. Mr. Greene's first motion is to withdraw his appeal from his death sentence. His second motion is styled, "Motion Supplement of Record." We deny Mr. Greene's motions. Mr. Pearson's question will be answered in the course of the opinion that follows.

The three motions have arisen from criminal proceedings in Johnson County Circuit Court. On July 26, 1991, Mr. Greene was arrested in Norman, Oklahoma, for his role in the July 23, 1991 slaying of Sidney Burnett in Arkansas. Mr. Greene was returned to Arkansas to stand trial for capital murder in Johnson County.

Apparently, after his return to Arkansas, but before the Johnson County trial commenced, Mr. Greene was transported to North Carolina to stand trial in an unrelated capital murder case. The appellate decision which arose from the North Carolina trial suggests Mr. Greene was convicted of first-degree murder during 1992. The North Carolina Supreme Court reversed the conviction and ordered a new trial on January 28, 1994. *State* v. *Greene*, 438 S.E.2d 743 (N.C. 1994).

After his conviction in North Carolina, Mr. Greene was extradited to Arkansas pursuant an executive agreement signed by the governors of Arkansas and North Carolina on April 21, 1992. It appears extradition had been requested as early as August 22, 1991. In any event, Mr. Greene stood trial in Johnson County and was convicted of capital murder and sentenced to death.

Mr. Greene appealed to this Court, which, on June 20, 1994, affirmed the conviction but held the exclusion of evidence of mitigating circumstances was reversible error. Another ground stated for vacating the death sentence was that Mr. Greene's North Carolina murder conviction, which the State had introduced as a "prior violent felony," was subsequently reversed in *State* v. *Greene, supra*. We remanded the case to the Johnson County Circuit Court for resentencing. *Greene* v. *State,* 317 Ark. 350, 878 S.W.2d 384 (1994).

Mr. Greene remained on death row in Arkansas from the time of this Court's decision to his resentencing. On February 27, 1996, a jury again imposed the death sentence. Execution date was set for April 9, 1996. Greene's court-appointed counsel, Mr. Pearson, filed a notice of appeal on March 11, 1996, and he filed a motion for stay of execution and a partial record on March 22. We granted the motion for stay on April 1. The entire record in the case has now been lodged in this Court.

Mr. Greene's first motion, filed on June 28, 1996, seeks to withdraw his appeal from the death sentence imposed on February 27, 1996, and waive any further appeal. In it he states he is being held in Arkansas in violation of the extradition agreement, and he claims he has remained on death row in violation of his right to due process.

Mr. Greene's second motion seems to modify the request for waiver of appeal presented in the first motion. This time, Mr. Greene asks us to reverse the death sentence and order his extradition to North Carolina. He claims this course of action is required because (1) the State, during resentencing, again introduced the North Carolina conviction as a "prior violent felony"; and (2) the State has violated his rights, and the extradition agreement, by refusing to return him to North Carolina after his death sentence was vacated. In the event the Court denies this first request, Greene seeks to waive his appeal and asks the Court to order his immediate

execution.

We note that the style of Mr. Greene's second motion suggests it concerns supplementation of the record. Prior to the submission of the motion, Mr. Greene tendered some 100 pages of materials to this Court. The motion which followed does not, however, mention those materials or give any reason for their inclusion in the record.

Mr. Pearson, who is Mr. Greene's court-appointed counsel, filed a motion on August 13, 1996, asking for direction on how to proceed in view of Mr. Greene's requests. Mr. Pearson suggests we should remand this case so that the Trial Court can determine, in a competency hearing, whether Mr. Greene has knowingly and voluntarily waived his right to appeal. Mr. Pearson also states that Mr. Greene has moved the Trial Court to relieve him as counsel but that he will continue to represent Mr. Greene until the court directs otherwise. Finally, he repeats Mr. Greene's arguments in support of reversing the death sentence. He asks the Court to "consider" and "address" the arguments that the North Carolina conviction was improperly raised in the resentencing hearing and that Greene is being held in violation of the extradition agreement.

■ In previous cases we have recognized that an appeal, even when a death sentence is involved, may be withdrawn if done by a competent appellant. *Franz v. State,* 296 Ark. 181, 754 S.W.2d 839 (1988); *Remeta v. State,* 294 Ark. 206, 740 S.W.2d 928 (1987). In those instances we prescribed the procedure to be followed to assure that the appellant was sufficiently competent to take such a serious step.

■ In this case, we decline to grant the motion to withdraw the appeal because, unlike the requests in the *Franz* and *Remeta* cases, it is not an unequivocal request. While we recognize the difficulties Mr. Pearson may face in representing Mr. Greene in the circumstances presented, we consider Mr. Pearson's statement that he will continue to represent Mr. Greene until relieved by a court to be entirely proper.

Motion to withdraw appeal denied.

GLAZE, J., concurs.

TOM GLAZE, Justice, concurring. I concur only for the purpose of pointing out that the State is not in violation of the "Execu-

tive Agreement" signed by Arkansas and North Carolina. The prosecution of Mr. Greene has never ended in Arkansas, and in fact, he was retried, convicted, and sentenced to death. Mr. Greene has appealed that conviction and death penalty to this court. Arkansas is only obliged to return Mr. Greene to North Carolina if the prosecution in this State is terminated in any manner other than by the imposition of a judgment and death sentence.