Jack Gordon GREENE *v.* STATE of Arkansas

CR 96-362                                                939 S.W.2d 834

Supreme Court of Arkansas
Opinion delivered March 3, 1997

*William M. Pearson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

PER CURIAM. Jack Gordon Greene was convicted of capital murder and sentenced to death. We affirmed the conviction but reversed the death sentence and remanded the case for resentencing. *Greene v. State,* 317 Ark. 350, 878 S.W.2d 384 (1994). Mr. Greene was again sentenced to death, and a notice of appeal was filed on his behalf. Mr. Greene later moved to dismiss his appeal. His motion was denied because he did not express an unequivocal desire to dismiss the appeal. *Greene v. State,* 326 Ark. 179, 929 S.W.2d 157 (1996).

On Mr. Greene's behalf, his attorney filed a second motion to dismiss his appeal. The second request was unequivocal. By a *per curiam* order of December 9, 1996, we stayed Mr. Greene's execution and remanded the case so that a determination could be made by the Johnson County Circuit Court whether Mr. Greene "knowingly and intelligently waives his appeal." *Greene v. State,* 326 Ark. 822, 822, 933 S.W.2d 392, 392 (1996).

In response to our order, a hearing was held by the Johnson County Circuit Court. The transcript of the hearing has been reviewed. It contains two reports from Arkansas State Hospital personnel finding Mr. Greene competent to stand trial at the times he was tried in 1992 and 1995. Also included with the transcript is a court order for "mental evaluation" of Mr. Greene to be conducted by State Hospital personnel. Although we did not specify in our December 9, 1996 order that an additional psychiatric or psychological review be conducted, the Trial Court apparently felt it appropriate, and that was correct.

From colloquy between Mr. Greene and the Circuit Judge, found in the transcript of the hearing, it appears that an evaluation team from the State Hospital was sent to the Department of Correction to interview Mr. Greene in response to the Circuit Court's order. Mr. Greene refused to be interviewed, apparently because he thought he was supposed to have been transported to the State Hospital for that purpose rather than be interviewed at the Department of Correction facility in which he is incarcerated.

In *Franz v. State,* 296 Ark. 181, 754 S.W.2d 839 (1988), we adopted a standard to be applied in death-penalty-waiver cases which is different from that applied when the ques-

tion is competency to stand trial. Quoting W. White, *Defendants Who Elect Execution*, 48 U. PITT. L. REV. 853, 867 (1987), we noted that, "When competency to elect execution is involved, the issue is whether the defendant has the capacity to choose between life and death. The focus should be upon not only the defendant's ability to understand the basic issue but also upon his ability to resolve it knowingly and voluntarily." *Franz v. State, supra,* 296 Ark. at 189, 754 S.W.2d at 843.

We remand the case to the Trial Court so that an evaluation may be done by State Hospital personnel to determine Mr. Greene's mental capacity to understand his choice between life and death and to resolve it knowingly and voluntarily. A further hearing is then to be held by the Trial Court to decide the issue.

Remanded.