STATE OF NORTH CAROLINA v. JOSEPH EARL BATES

No. 145A91-3

(Filed 3 April 1998)

1. **Criminal Law § 112 (NCI4th Rev.)— capital post-conviction review—discovery of State's files—work product included**

The trial court did not err by ordering that a capital defendant have available to him in the post-conviction review process the complete files of all law enforcement and prosecutorial agencies involved in the investigation of the crimes or prosecution of defendant, including files regarding the prosecution of codefendants. Although the State contends that it is not required to disclose work product, case law applying the work-product privilege to pretrial discovery and statutes governing pretrial discovery in criminal cases do not control the interpretation or application of N.C.G.S. § 15A-1415(f), which contains no express provision for withholding work product. The phrase "to the extent allowed by law" allows the State to exclude only specific types of information which the State is elsewhere prohibited by law from disclosing and nothing in existing law prohibits disclosure to a defendant of the State's complete files, including work-product materials.

2. **Criminal Law § 98 (NCI4th Rev.)— capital post-conviction review—discovery of all investigative and prosecution files—general discovery rules not applicable**

The only mechanism by which the State may withhold any portion of its complete files on post-conviction capital review, apart from information which it is not allowed by law to disclose, is contained within N.C.G.S. § 15A-1415(f). The general rule governing pretrial discovery is not applicable to that statute because its clear language demands disclosure in post-conviction proceedings. The argument that organizing and producing work product in a capital case would be onerous and time-consuming is unpersuasive, as the effort to remove all work-product materials prior to making files available would be equally time consuming, and allowing the State to unilaterally purge its files of work-product materials would render meaningless the provisions in the statute for *in camera* review by the court. Although the State contends that disclosure of work product will have a

chilling effect on the preparation of capital cases, the clear and unambiguous meaning of the statute contemplates disclosure of the complete files and this argument only challenges the wisdom of the enactment. Finally, the broad and complete discovery required by this statute logically fits into a statutory scheme to expedite the post-conviction process by providing early and full disclosure to counsel for capital defendants so that they may raise all potential claims in a single motion for capital relief.

**3. Criminal Law § 98 (NCI4th Rev.)— capital post-conviction review—discovery of all investigation and prosecution files—agencies not served**

The trial court did not lack jurisdiction on a capital post-conviction motion for discovery to order discovery from independent constitutional agencies not represented by that district attorney where the court ordered disclosure of the complete files of all prosecutorial and investigatory agencies involved in the investigation of the crimes or the prosecution of defendant, irrespective of prosecutorial districts and including files from the SBI and other counties' sheriffs' departments. Although the State contended that the various sheriffs' departments and the SBI were not served with the motion for discovery or otherwise notified of the hearing and that service upon the district attorney and the Attorney General is insufficient to confer jurisdiction over these independent constitutional agencies, there is no statutory requirement to serve each entity which holds material subject to disclosure under N.C.G.S. § 15A-1415(f) and the State has not presented compelling evidence to justify individual service in this case, although, as a matter of practicality, it may be advisable to do so in some circumstances.

On writ of certiorari pursuant to N.C.G.S. § 7A-32(b) to review an order entered 13 June 1997 by Morgan (Melzer A., Jr.), J., in Superior Court, Yadkin County, granting defendant's motion for discovery under N.C.G.S. § 15A-1415(f). Heard in the Supreme Court 16 December 1997.

*Michael F. Easley, Attorney General, by Barry S. McNeill, Special Deputy Attorney General, for the State-appellant.*

*Walter K. Burton and David K. Williams, Jr., for defendant-appellee.*

FRYE, Justice.

On 21 June 1996, the General Assembly ratified "An Act to Expedite the Postconviction Process in North Carolina." Ch. 719, 1995 N.C. Sess. Laws 389, 397. Among other things, the Act amended N.C.G.S. § 15A-1415 to add this new subsection:

> (f) In the case of a defendant who has been convicted of a capital offense and sentenced to death, the defendant's prior trial or appellate counsel shall make available to the capital defendant's counsel their complete files relating to the case of the defendant. The State, to the extent allowed by law, shall make available to the capital defendant's counsel the complete files of all law enforcement and prosecutorial agencies involved in the investigation of the crimes committed or the prosecution of the defendant. If the State has a reasonable belief that allowing inspection of any portion of the files by counsel for the capital defendant would not be in the interest of justice, the State may submit for inspection by the court those portions of the files so identified. If upon examination of the files, the court finds that the files could not assist the capital defendant in investigating, preparing, or presenting a motion for appropriate relief, the court in its discretion may allow the State to withhold that portion of the files.

N.C.G.S. § 15A-1415(f) (1997).

The sole question presented here is the extent of disclosure of prosecution and law enforcement investigative files mandated by N.C.G.S. § 15A-1415(f). We emphasize at the outset that N.C.G.S. § 15A-1415(f) applies only to the post-conviction process and only to defendants who have been convicted of a capital crime and sentenced to death.

Defendant, Joseph Earl Bates, was indicted on 29 October 1990 for the kidnapping and murder of Charles Edwin Jenkins. He was tried capitally in February 1991, found guilty on one count of first-degree murder and one count of first-degree kidnapping, and sentenced to death for the murder conviction. On appeal, this Court found error and ordered a new trial. *State v. Bates*, 333 N.C. 523, 428 S.E.2d 693, *cert. denied*, 510 U.S. 984, 126 L. Ed. 2d 438 (1993). Defendant was retried capitally in October 1994 and was found guilty on one count of first-degree kidnapping and one count of first-degree murder on the basis of premeditation and deliberation and under the felony murder rule. The jury again recommended, and the trial court

imposed, a sentence of death. On appeal, this Court found no error. *State v. Bates*, 343 N.C. 564, 473 S.E.2d 269 (1996), *cert. denied,* —— U.S. ——, 136 L. Ed. 2d 873 (1997). For the purpose of reviewing the issue presented here, it is unnecessary to further recite the circumstances of the crimes or the evidence presented at defendant's two trials.

On 10 April 1997, Judge Melzer A. Morgan appointed defendant's present counsel to represent defendant in post-conviction proceedings. On 1 May 1997, defendant's counsel filed a motion for discovery of all investigative and prosecution files pursuant to N.C.G.S. § 15A-1415(f); Article I, Sections 19 and 23 of the North Carolina Constitution; and the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. The State filed a response in opposition to this motion, arguing that the qualifying language in N.C.G.S. § 15A-1415(f), "to the extent allowed by law," manifested a legislative intent to require disclosure, upon request, only of evidence favorable to a defendant and did not require the disclosure of all investigative files. The State also argued that this language shielded from discovery the work product of the attorney for the State and his agents.

Following a hearing on defendant's motion and arguments by the parties, Judge Morgan entered an order on 13 June 1997 that contained the following findings of fact and conclusions of law:

1) That the North Carolina General Assembly recently enacted revisions to the post conviction review process in this state, part of which revision included the addition of paragraph (f) to N.C.G.S. § 15A-1415. The provisions of subsection (f) became effective June 21, 1996, and apply to this case.

2) N.C.G.S. § 15A-1415(f) provides for broader discovery for a capital defendant's counsel in the post conviction review process than previously existed, specifically including the discovery of the complete files of all law enforcement and prosecutorial agencies involved in the investigation of the crimes committed or the prosecution of the defendant.

3) That if the State has a reasonable belief that allowing inspection of any portion of the State's files by counsel for the capital defendant would not be in the interest of justice the State may submit for inspection by the court those portions of the files so identified for the court's review, pursuant to N.C.G.S. § 15A-1415(f).

4) The defendant is entitled to have made available to his present counsel the complete files of all law enforcement and prosecutorial agencies involved in the investigation of the crimes committed or the prosecution of the defendant, including but not limited to any files in possession of the Forsyth County Sheriff's Department, the Yadkin County Sheriff's Department, the Iredell County Sheriff's Department, the State Bureau of Investigation, and any other law enforcement or investigative agencies involved in the investigation into the death and alleged kidnapping of Charles Jenkins, irrespective of the prosecutorial district involved, including the District Attorney's files regarding the prosecutions of Joseph Earl Bates' codefendants Hal "Tink" Eddleman (who was prosecuted by the District Attorney for the 23rd Prosecutorial District for his involvement in the events which led to the conviction of Joseph Earl Bates in the present matter) and Gary Shavers, who was prosecuted in Iredell County.

The order decreed that a full and complete copy of the above-referenced files would be made available at the office of the Yadkin County Clerk of Superior Court for inspection by defendant's counsel, subject to *in camera* review of those portions of the files for which the State reasonably believes that inspection by defendant would not be in the interest of justice.

The State petitioned for a writ of certiorari on 18 June 1997 for review of the discovery order entered by Judge Morgan. This Court allowed the State's petition on 27 June 1997.

The State presents to this Court two challenges to Judge Morgan's order for discovery under N.C.G.S. § 15A-1415(f): that the trial court erred by ordering the State to produce its work product and that, in the absence of service upon the individual agencies involved, the trial court did not have jurisdiction to order such discovery. We address these challenges *seriatim*.

[1] The State asserts that its work product is not subject to disclosure pursuant to N.C.G.S. § 15A-1415(f) because the General Assembly, by including the phrase "to the extent allowed by law," meant to retain the established common law and statutory rules against the production of work product. Although the plain language of the statute refers to the "complete files," the State contends that it is not required to disclose materials that are privileged or otherwise protected by law, specifically work product. The State further

argues that there is no exception to the policy objectives of the work-product doctrine for capital cases and that disclosure of the State's complete files in post-conviction would have a chilling effect on the· preparation of capital cases. Finally, the State contends that the process of preparing and producing the files for inspection would be onerous and time-consuming. After carefully examining the statute and considering each of the State's arguments, we conclude that the language of N.C.G.S. § 15A-1415(f) is clear and unambiguous and that Judge Morgan's order must be affirmed in its entirety.

While no right of discovery in criminal cases existed at common law, *see State v. Taylor,* 327 N.C. 147, 153, 393 S.E.2d 801, 806 (1990), limited rights of pretrial discovery for both the defendant and the State exist under the United States Constitution, *see Brady v. Maryland,* 373 U.S. 83, 10 L. Ed. 2d 215 (1963), and by statute, N.C.G.S. §§ 15A-901 to -910 (1997). The work-product doctrine is a qualified privilege against discovery that applies in criminal as well as civil cases. *See State v. Hardy,* 293 N.C. 105, 126, 235 S.E.2d 828, 840 (1977); *see also United States v. Nobles,* 422 U.S. 225, 236-39, 45 L. Ed. 2d 141, 152-54 (1975). In codifying pretrial discovery rules, the General Assembly explicitly protected "reports, memoranda, or other internal documents made by the prosecutor, law-enforcement officers, or other persons acting on behalf of the State in connection with the investigation or prosecution of the case." N.C.G.S. § 15A-904(a). In other words, pretrial discovery statutes do not require the State to produce its work product or investigative files. *See, e.g., State v. Heatwole,* 344 N.C. 1, 23, 473 S.E.2d 310, 321 (1996), *cert. denied,* —— U.S. ——, 137 L. Ed. 2d 339 (1997). However, the statute at issue in the instant case was enacted to address the specific circumstance of a capitally sentenced defendant in post-conviction proceedings. Case law applying the work-product privilege to pretrial discovery and statutes governing pretrial discovery in criminal cases do not control the interpretation or application of N.C.G.S. § 15A-1415(f).

It is well settled that the meaning of any legislative enactment is controlled by the intent of the legislature and that legislative purpose is to be first ascertained from the plain language of the statute. *See Electric Supply Co. of Durham v. Swain Elec. Co.,* 328 N.C. 651, 656, 403 S.E.2d 291, 294 (1991); *Burgess v. Your House of Raleigh, Inc.,* 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990); *State ex rel. Hunt v. N. C. Reinsurance Facility,* 302 N.C. 274, 288, 275 S.E.2d 399, 405 (1981). "When the language of a statute is clear and unambiguous, it must be given effect and its clear meaning may not be evaded . . .

under the guise of construction." *State ex rel. Utilities Comm'n v. Edmisten,* 291 N.C. 451, 465, 232 S.E.2d 184, 192 (1977).

The statute at issue here provides that "[t]he State, *to the extent allowed by law, shall make available* to the capital defendant's counsel *the complete files* of all law enforcement and prosecutorial agencies involved in the investigation of the crimes committed or the prosecution of the defendant." N.C.G.S. § 15A-1415(f) (emphasis added). The statute contains no express provision for withholding work product. On the contrary, the statute mandates that the State "shall make available . . . the complete files" of prosecution and law enforcement agencies. However, the State contends that the phrase "to the extent allowed by law" must protect work product from disclosure at post-conviction. Thus, we will address each of the State's specific arguments for this position.

A statute must be construed, if possible, so as to give meaning to all its provisions. *See Porsh Builders, Inc. v. City of Winston-Salem,* 302 N.C. 550, 556, 276 S.E.2d 443, 447 (1981). The State argues that to give full effect to all parts of N.C.G.S. § 15A-1415(f), the phrase "to the extent allowed by law" must limit the required disclosure so as to exclude materials traditionally protected by the work-product doctrine. We agree that this language is intended as some limitation on the information which the State is required to make available to the capital defendant in post-conviction proceedings. However, we read this phrase as allowing the State to exclude from its "complete files" only specific types of information which the State is elsewhere prohibited by law from disclosing. For example, N.C.G.S. § 7A-675 prohibits the disclosure without court order of confidential juvenile court records. Nothing in existing law prohibits disclosure to a defendant of the State's complete files, including work-product materials. *See* N.C.G.S. § 15A-904(b) ("Nothing in this section prohibits a prosecutor from making voluntary disclosures in the interest of justice."); *Hardy,* 293 N.C. at 124, 235 S.E.2d at 840 (holding that N.C.G.S. § 15A-904(a) does not bar discovery of prosecution witnesses' statements *at trial*).

[2] The only mechanism by which the State may withhold any portion of its complete files, apart from information which it is not allowed by law to disclose, is contained within N.C.G.S. § 15A-1415(f) itself. If the State has a reasonable belief that inspection of any part of its files by the capital defendant would not be in the interest of justice, the State may submit those portions of the files for inspection by

the court. The court may allow the State to withhold those portions of its files upon a finding that the material could not assist the capital defendant in investigating, preparing, or presenting a motion for appropriate relief. This mechanism permits the State the opportunity to protect certain sensitive information, but it carves out no special exception for work product. As Judge Morgan correctly stated in his order, "N.C.G.S. § 15A-1415(f) provides for broader discovery for a capital defendant's counsel in the post conviction review process than previously existed." Such a change is well within the General Assembly's authority.

The State contends that "the general rule that the work product or investigative files of the district attorney, law enforcement agencies, or others assisting in the preparation of the case are not open to discovery," *Heatwole*, 344 N.C. at 23, 473 S.E.2d at 321, applies with equal force in capital cases. We do not disagree that the general rule protecting work product from pretrial discovery contains no exception for capital cases. However, the State's contention is inapposite to the specific issue before us. The superior court in this case entered an order in post-conviction proceedings pursuant to the specific provisions of N.C.G.S. § 15A-1415(f), which mandate in explicit language that the prosecution and investigative files of the State shall be made available to counsel for a defendant who has been sentenced to death. Because the clear language of this statute demands disclosure in post-conviction proceedings, the "general rule" governing pretrial discovery is not applicable.

We must also reject the State's final policy arguments for granting some work-product protection within the scope of N.C.G.S. § 15A-1415(f). The State contends that the burden of organizing and producing work product in a capital case would be onerous and time-consuming and, thus, would frustrate the goal of expediting post-conviction review. This argument is unpersuasive, as we can imagine equally time-consuming efforts to remove all work-product materials from prosecution and law enforcement files prior to making them available to defendant's counsel. Moreover, allowing the State to unilaterally purge its files of work-product materials would render meaningless the provisions in N.C.G.S. § 15A-1415(f) for *in camera* review by the court.

The State also argues that permitting disclosure of work product at the post-conviction phase of a capital case would have a chilling effect on the preparation of capital cases. We note that the essence of

the work-product privilege in criminal cases is that the "interests of society and the accused in obtaining a fair and accurate resolution of the question of guilt or innocence demand that adequate safeguards assure the thorough preparation and presentation of each side of the case." *Nobles*, 422 U.S. at 238, 45 L. Ed. 2d at 153. The State asserts that the policy concerns for protecting work product are equally relevant in the post-conviction setting. However, as we have stated above, the clear and unambiguous meaning of N.C.G.S. § 15A-1415(f) contemplates disclosure of the complete files, and this argument by the State only challenges the wisdom of the enactment. This Court, even if persuaded by the State's concerns, may not substitute its judgment for that of the General Assembly and craft a work-product exception into this statute where the Legislative Branch has clearly mandated disclosure of the complete files. Moreover, the interest of the State in protecting its work product once the case has reached post-conviction review is diminished.

Viewing subsection (f) of N.C.G.S. § 15A-1415 in light of other amendments enacted as part of "An Act to Expedite the Postconviction Process in North Carolina," we discern an intent on the part of the General Assembly to expedite the post-conviction process in capital cases while ensuring thorough and complete review. In addition to N.C.G.S. § 15A-1415(f), we note several newly enacted provisions which apply only to capital cases. For example, the Act sets a 120 day time limitation for filing a post-conviction motion for appropriate relief in capital cases, N.C.G.S. § 15A-1415(a); gives priority of review to capital cases in both direct appeal and post-conviction proceedings, N.C.G.S. § 15A-1441 (1997); requires appointment of two counsel to prepare a motion for appropriate relief for indigent capital defendants, N.C.G.S. § 7A-451(c) (Supp. 1997); and requires the State to file an answer to defendant's motion for appropriate relief in capital cases within sixty days, N.C.G.S. § 15A-1420(b1)(2) (1997). The broad post-conviction discovery required by N.C.G.S. § 15A-1415(f) logically fits into this statutory scheme by providing early and full disclosure to counsel for capital defendants so that they may raise all potential claims in a single motion for appropriate relief.

For the foregoing reasons, we conclude that the post-conviction disclosure contemplated by N.C.G.S. § 15A-1415(f) for capitally sentenced defendants does not provide an express or implied protection for work product of the prosecutor or law enforcement agencies. We hold that N.C.G.S. § 15A-1415(f) requires the State to make available

to counsel for a capital defendant in post-conviction proceedings the complete files of all law enforcement and prosecutorial agencies involved in the investigation of the crimes committed or the prosecution of the defendant, subject only to the specific withholding mechanism contained within that statute and specific prohibitions against disclosure contained in other law.

[3] The State also challenges Judge Morgan's order on the grounds that the court had no jurisdiction to order discovery from independent constitutional agencies not represented by the district attorney. The State's position is that the various sheriffs' departments and the State Bureau of Investigation (SBI) were not served with defendant's motion for discovery or otherwise notified of the hearing on the motion, thus denying them notice and an opportunity to be heard in order to defend their respective positions. Service of defendant's motion upon the district attorney and the Attorney General is insufficient to confer jurisdiction over these independent constitutional agencies, so the State contends.

N.C.G.S. § 15A-1415(f) requires "the State" to make the complete files of all law enforcement and prosecutorial agencies available to the capital defendant's counsel. It does not further describe the procedure by which this is to be accomplished. We note, however, that, under our constitution, the district attorneys are responsible for the prosecution of criminal cases "on behalf of the State." N.C. Const. art. IV, § 18. For purposes of disclosing exculpatory evidence pursuant to *Brady v. Maryland,* the State's liability is "not limited to information in the actual possession of the prosecutor and certainly extends to any in the possession of state agencies subject to judicial control." *Love v. Johnson,* 57 F.3d 1305, 1314 (4th Cir. 1995); *see also Kyles v. Whitley,* 514 U.S. 419, 437, 131 L. Ed. 2d 490, 508 (1995) ("[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police.").

The disclosure requirement of N.C.G.S. § 15A-1415(f) was enacted by the General Assembly in order to assist counsel for the capitally sentenced defendant in investigating, preparing, and presenting a motion for appropriate relief. We note that, in a capital case, a motion for appropriate relief must be served on both the district attorney for the district where the defendant was indicted and the Attorney General. N.C.G.S. § 15A-1420(b1)(1). In this case, defendant served the District Attorney for the Twenty-Third Judicial District

and the Attorney General with his motion for discovery of investigative and prosecution files. As a matter of practicality it may be advisable, in some circumstances, to serve each entity which holds material subject to disclosure under N.C.G.S. § 15A-1415(f). However, we can find no statutory requirement for doing so, nor has the State presented any compelling reason to justify individual service in this case. We hold that the superior court did not lack jurisdiction for its discovery order.

For the reasons stated herein, the order of the superior court is affirmed.

AFFIRMED.