STATE v. ALLEN

[348 N.C. 690 (1998)]

| | | |
|---|---|---|
| STATE OF NORTH CAROLINA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TIMOTHY LANIER ALLEN | ) | |

No. 70A86-5

(Filed 29 July 1998)

This matter is before the Court on defendant's petition for certiorari and motion for summary reversal, from which, and from the State's response, the Court finds the following:

1. Petitioner was sentenced to death for first-degree murder.

2. On 1 June 1994, petitioner filed a Motion for Appropriate Relief and a Motion for Discovery.

3. The Honorable Charles C. Lamm, Jr., in Superior Court, Halifax County, reviewed *in camera* the complete files of the Sheriff's Department, the State Bureau of Investigation, and the District Attorney's office relating to the Halifax County criminal cases involving petitioner. On 23 May 1995, Judge Lamm ordered certain named items disclosed to petitioner.

4. Judge Lamm conducted an evidentiary hearing on petitioner's Motion for Appropriate Relief during the week of 16 October 1995.

5. On 21 June 1996, N.C.G.S. § 15A-1415(f), North Carolina's post-conviction discovery statute, became effective.

6. Petitioner filed a Post-Hearing Motion for Discovery on 24 July 1996, requesting additional discovery in light of N.C.G.S. § 15A-1415(f). Judge Lamm denied petitioner's Motion for Appropriate Relief and Post-Hearing Motion for Discovery.

7. Petitioner petitioned this Court for a Writ of Certiorari to review the trial court's order. The petition was denied.

8. Petitioner filed a Petition for Writ of Habeas Corpus in the United States District Court for the Eastern District of North Carolina on 9 February 1998.

9. After this Court decided *State v. Bates*, 348 N.C. 29, 497 S.E.2d 276 (1998), interpreting N.C.G.S. § 15A-1415(f), petitioner filed another Motion for Discovery in the Superior Court, Halifax County. The Honorable Henry W. Hight denied this motion on 18 May 1998.

STATE v. ALLEN

[348 N.C. 690 (1998)]

10. Petitioner now petitions this Court for a Writ of Certiorari to review the order entered by Judge Hight. Petitioner argues that he has never been allowed the discovery to which he is entitled pursuant to N.C.G.S. § 15A-1415(f). The State responds that Judge Lamm's order for disclosure of certain items from the State's files provided petitioner with all the discovery to which he is entitled under N.C.G.S. § 15A-1415(f).

11. This Court is unable to determine from the petition and response whether defendant was provided with all the items to which he is entitled under this Court's interpretation of N.C.G.S. § 15A-1415(f) set forth in *State v. Bates*, 348 N.C. 29, 497 S.E.2d 276 (1998).

12. In order to insure that defendant has been accorded his full statutory rights to discovery, as well as equal treatment with other defendants similarly situated, the petition for certiorari should be allowed for the limited purpose of remanding this case to Judge Charles C. Lamm, Jr., Superior Court, Halifax County, for reconsideration of his order in light of our decision in *State v. Bates*, 348 N.C. 29, 497 S.E.2d 276 (1998).

13. The motion for summary reversal is without merit and should be denied.

IT IS THEREFORE ORDERED that the motion for summary reversal be, and hereby is, denied. The petition for certiorari is allowed for the limited purpose of remanding the case to the Superior Court, Halifax County, for a hearing before Judge Lamm, for reconsideration of his order in light of *State v. Bates*, 348 N.C. 29, 497 S.E.2d 276 (1998).

Done by order of the Court in conference this the 29th day of July, 1998.

Orr, J.
For the Court