STATE of Arkansas*v.* Jack Gordon GREENE

CR 96-362                                                   1 S.W.3d 442

Supreme Court of Arkansas
Opinion delivered October 14, 1999

*Mark Pryor*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee/petitioner.

No response.

P ER CURIAM. On October 15, 1992, Jack Gordon Greene was convicted in Johnson County Circuit Court

of capital murder and was sentenced to death by lethal injection. On June 20, 1994, this court affirmed his conviction but reversed and remanded for resentencing. *Greene v. State*, 317 Ark. 350, 878 S.W.2d 384 (1994). On February 27, 1996, Greene was resentenced to death. After Greene indicated he wanted to waive his appeals, this court remanded the case on two separate occasions for hearings to determine Greene's competency to elect execution. *Greene v. State*, 326 Ark. 822, 933 S.W.2d 392 (1996) (per curiam); *Greene v. State*, 327 Ark. 511, 939 S.W.2d 834 (1997) (per curiam). On April 21, 1997, this court denied Greene's motion to dismiss his appeal and ordered that a briefing schedule be set. *Greene v. State*, 328 Ark. 218, 941 S.W.2d 428 (1997) (per curiam). On November 5, 1998, this court again reversed and remanded the case for resentencing. *Greene v. State*, 335 Ark. 1, 977 S.W.2d 192 (1998).

On July 1, 1999, Greene was resentenced to death. On July 2, 1999, Greene filed a waiver of appeal, and the trial court entered an order directing that Greene be evaluated by the Arkansas State Hospital for the purpose of determining whether he was competent to waive appellate and postconviction review and to elect execution. Dr. Charles H. Mallory, Ph.D., and Dr. O. Wendell Hall, III, M.D., evaluated Greene and concluded that he was competent to elect between life and death and to knowingly and intelligently waive his appellate and postconviction remedies.

On August 19, 1999, a hearing was held in Johnson County Circuit Court. After hearing testimony from Greene, Dr. Mallory, and Dr. Hall, the trial court concluded that Greene was competent to elect execution and to waive his right to appellate and postconviction remedies. On August 20, 1999, the trial court entered an order which contained its findings:

1. Greene has the capacity to understand the choice between life and death.

2. Greene has the capacity to knowingly and intelligently waive any and all rights to appeal his sentence of death.

3. Greene has the capacity to knowingly and intelligently waive his rights to postconviction relief under Ark. R.

Crim. P. 37 and the capacity to knowingly and intelligently waive his right to have counsel appointed to represent him for purposes of appeal, as well as, postconviction relief under Ark. R. Crim. P. 37.5.

4.    Greene did, in open court, freely and voluntarily waive his rights to appeal his sentence of death and clearly demonstrated the capacity to understand the choice between life and death and unequivocally expressed his desire to waive all appeals in order that the death sentence be carried out.

5.    Greene is clearly competent to waive his right to postconviction remedies under Ark. R. Crim. P. 37, including his right to an attorney under Rule 37.5 and understands the legal consequences of such waiver.

6.    Greene did, in open court, freely and voluntarily, make a knowing and intelligent waiver of those rights, including his right to an attorney under Rule 37.5 and clearly understood the legal consequences of his waiver.

■    The State now petitions this court for a writ of certiorari for the purpose of accepting the record filed herein and for the further purpose of affirming the trial court's findings. We grant the petition for writ of certiorari and hold that the trial court's findings are supported by the transcript of the hearing held on August 19, 1999, and the record in this matter. We affirm the trial court's findings, as set out above.

# APPENDIX

## Rules Adopted
## or Amended by
## Per Curiam Orders