STATE OF NORTH CAROLINA v. HARVEY LEE GREEN, JR.

No. 385A84

(Filed 2 March 1989)

**Constitutional Law § 60; Jury § 7.14— murder—hearing on use of peremptory challenges—defendant may present evidence—prosecutor may not be cross-examined**

The trial court erred in an evidentiary hearing held in a first degree murder prosecution on the prosecutor's use of peremptory challenges by not allowing defendant to introduce evidence at the hearing, even though the State conceded that there was a prima facie case of purposeful discrimination. The court correctly ruled that defendant did not have the right to cross-examine the prosecutor.

APPEAL by defendant pursuant to N.C.G.S. § 7A-27(a) from judgments imposing two sentences of death entered by *Watts, J.*, at the 11 June 1984 Session of Superior Court, PITT County. Heard in the Supreme Court 11 February 1988; additional arguments heard 22 August 1988.

The defendant pled guilty to two counts of first degree murder and two counts of common law robbery. He was tried by a jury as to punishment and the jury recommended he be sentenced to die on both the murder convictions. Two death sentences were imposed and the defendant appealed.

*Lacy H. Thornburg, Attorney General, by Joan H. Byers, Special Deputy Attorney General, for the State (original brief and argument); Lacy H. Thornburg, Attorney General, by James J. Coman, Senior Deputy Attorney General, William N. Farrell, Jr., Special Deputy Attorney General, Joan H. Byers, Special Deputy Attorney General, and Barry S. McNeill, Assistant Attorney General, for the State (supplemental brief and argument).*

*Malcolm Ray Hunter, Jr., Appellate Defender, by David W. Dorey, Assistant Appellate Defender, for defendant appellant (original brief and argument); Malcolm Ray Hunter, Jr., Appellate Defender, by David W. Dorey, Assistant Appellate Defender, and Louis D. Bilionis, Assistant Appellate Defender, for defendant appellant (supplemental brief and argument).*

*E. Ann Christian and Robert E. Zaytoun for North Carolina Academy of Trial Lawyers, amicus curiae.*

*John A. Dusenbury, Jr. for North Carolina Association of Black Lawyers, amicus curiae.*

WEBB, Justice.

The defendant has brought forward twenty-three assignments of error. In this opinion we shall discuss one of them.

The defendant assigned error to the procedure used to determine an issue in regard to racial discrimination in the selection of the jury. After this case was tried the United States Supreme Court rendered its opinions in *Batson v. Kentucky*, 476 U.S. 79, 90 L.Ed. 2d 69 (1986) and *Griffith v. Kentucky*, 479 U.S. 314, 93 L.Ed. 2d 649 (1987). In *Batson* the United States Supreme Court over-

ruled *Swain v. Alabama,* 380 U.S. 202, 13 L.Ed. 2d 759 (1965), and held a prima facie case of purposeful discrimination in the selection of a petit jury may be established on evidence concerning the prosecutor's exercises of peremptory challenges at trial. *See State v. Jackson,* 322 N.C. 251, 368 S.E. 2d 838 (1988) for a more complete discussion of *Batson.* After the decision in *Batson,* this Court ordered the case remanded to the Superior Court of Pitt County for an evidentiary hearing on the issue of the prosecutor's use of peremptory challenges.

The court ruled at the hearing that the defendant would not be allowed to cross-examine the district attorney who prosecuted the case and that the defendant would not be allowed to put on evidence. The prosecuting attorney then explained his reasons for exercising peremptory challenges. The court made findings of fact and concluded that the district attorney's reasons for exercising peremptory challenges were racially neutral. The court denied the defendant's motion for a new trial.

We held in *Jackson* that the defendant does not have the right to cross-examine the prosecuting attorney at a *Batson* hearing. It was not error for the court not to allow such a cross-examination in this case.

We hold, however, that it was error for the court to deny the defendant the right to introduce evidence at the hearing. The State argues that because the State conceded there was a prima facie case of purposeful discrimination, there was nothing further for the defendant to prove. The State says that all that was left to do was for the prosecuting attorney to state his reasons for using the peremptory challenges which was done. The court could then accept or reject the reasons advanced by the district attorney.

We believe a *Batson* hearing should encompass more than contended by the State in this case. If the defendant can put on evidence which tends to rebut the State's contentions he should be allowed to do so. If the case for discrimination is stronger than can be shown by the pattern of strikes in the present case, the defendant should have the benefit of this showing. The State also argues that the defendant did not show he had any evidence which was relevant and no prejudice has been shown by the refusal to allow him to present evidence. The defendant's attorneys

offered affidavits at the hearing which contained the names of people they would call as witnesses on this issue. We hold the defendant should have been allowed to offer whatever evidence he may have had tending to rebut the State's contentions.

We remand the case to the Superior Court of Pitt County for a new hearing on the *Batson* issue. The superior court will make findings of fact and conclusions of law after this hearing and certify its order back to this Court. We shall then determine the defendant's other assignments of error if it is necessary to do so.

Remanded.