STATE OF NORTH CAROLINA v. HARVEY LEE GREEN, JR.

No. 385A84

(Filed 14 August 1991)

**1. Criminal Law § 131 (NCI4th)— guilty plea—waiver of right to challenge indictment on constitutional grounds**

By pleading guilty to two charges of first degree murder, defendant waived his right to challenge the bills of indictment on the ground that there was racial discrimination in the selection of the foreman of the grand jury which returned the bills of indictment against him.

**Am Jur 2d, Criminal Law § 490.**

2. **Constitutional Law § 376 (NCI4th)— death penalty—racial discrimination—statistical studies**

Defendant could not establish a prima facie case of racial discrimination in the application of the death penalty under the Eighth and Fourteenth Amendments to the U. S. Constitution by statistical studies on the imposition of the death penalty. Nor did defendant make a prima facie showing that the manner in which our death penalty statute is enforced violates Art. I, § 19 of the N. C. Constitution where the statistical studies offered by defendant do not relate specifically to North Carolina or to the district in which defendant was tried.

**Am Jur 2d, Criminal Law § 594.**

**Racial discrimination in punishment for crime. 40 ALR3d 227.**

APPEAL by the defendant pursuant to N.C.G.S. § 7A-27(a) from judgments imposing two sentences of death imposed by *Watts, J.,* at the 11 June 1984 Session of Superior Court, PITT County. Heard in the Supreme Court 11 February 1988; additional arguments heard 22 August 1988.

The defendant pled guilty to two counts of first degree murder and two counts of common law robbery. He was tried by a jury as to punishment and the jury recommended that he be sentenced to death on both the murder charges. Two death sentences were imposed and the defendant appealed. We remanded the case for a hearing as to whether the defendant's rights had been violated because of racial discrimination in selecting the jury contrary to *Batson v. Kentucky,* 476 U.S. 79, 90 L.Ed.2d 69 (1986). A hearing was held in Superior Court, Pitt County, at which it was found that there was no racial discrimination in the selection of the jury. The case was then returned to this Court. We remanded the case for a second time for a further hearing on the *Batson* issue. The superior court made further and more detailed findings of fact and again found no *Batson* error. The case was again returned to this Court. The State then filed a motion in which it conceded there was prejudicial error under *McKoy v. North Carolina,* 494 U.S. 433, 108 L.Ed.2d 369 (1990), and moved for a new sentencing hearing.

**STATE v. GREEN**

[329 N.C. 686 (1991)]

*Lacy H. Thornburg, Attorney General, by James J. Coman, Senior Deputy Attorney General, Joan H. Byers, Special Deputy Attorney General, William N. Farrell, Jr., Special Deputy Attorney General, and Barry S. McNeill, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by David W. Dorey, Assistant Appellate Defender, and Louis D. Bilionis, Assistant Appellate Defender, for defendant appellant.*

*E. Ann Christian and Robert E. Zaytoun for North Carolina Academy of Trial Lawyers, amicus curiae.*

*John A. Dusenbury, Jr., for North Carolina Association of Black Lawyers, amicus curiae.*

WEBB, Justice.

The defendant has made 23 assignments of error. The subjects most of these assignments of error cover should not recur at a new sentencing hearing and we shall not discuss them. We shall discuss two separate assignments of error under each of which the defendant contends the bills of indictment against him should be quashed on constitutional grounds.

**[1]** The defendant first says that there was racial discrimination in the selection of the foreman of the grand jury which returned the bills against him. He contends this violates the rule of *State v. Cofield*, 320 N.C. 297, 357 S.E.2d 622 (1987), and the Constitution of North Carolina. With certain exceptions not applicable to this case a defendant who pleads guilty waives his right to challenge the plea on constitutional grounds. *State v. Reynolds*, 298 N.C. 380, 259 S.E.2d 843 (1979), *cert. denied*, 446 U.S. 941, 64 L.Ed.2d 795 (1980). The defendant, by pleading guilty, waived any right he had under *Cofield*. This assignment of error is overruled.

**[2]** The defendant also contends that the manner in which our death penalty statute, N.C.G.S. § 15A-2000 (1988), is enforced violates the equal protection clauses of U.S. Const. amend. XIV and N.C. Const. art. I, § 19. He also contends it violates the U.S. Const. amend. VIII, which amendment proscribes cruel and unusual punishment. The defendant bases this argument on two statistical studies of the imposition of the death penalty. One of these studies was conducted by Professors Samuel Gross and Robert Mauro and is published as Gross and Mauro, *Patterns of Death: An Analysis*

*of Racial Disparities in Capital Sentencing and Homicide Victimization*, 37 Stan. L. Rev. 27 (1984). The other study was made by Professors Barry Nakell and K. Hardy, *The Arbitrariness of the Death Penalty* (1987). The studies show that a person is more likely to be executed if the murder victim is white and the chance is more likely yet if the defendant is black.

Although the defendant has pled guilty he still faces a trial in which he may receive the death penalty. We shall consider this assignment of error which is directed at the way the death penalty is imposed.

The United States Supreme Court held in *McCleskey v. Kemp*, 481 U.S. 279, 95 L.Ed.2d 262 (1987), that general statistical studies of the operation of the death penalty in a given jurisdiction cannot alone establish a prima facie case of racial discrimination of the death penalty in a particular case tried in that jurisdiction under U.S. Const. amend. VIII or U.S. Const. amend. XIV. The studies which the defendant offered in this case are no more particularized than those offered in *McCleskey*. We are bound by *McCleskey* to hold the defendant cannot show a violation of his rights under the eighth and fourteenth amendments by these statistical studies.

The defendant argues that nevertheless he has made a prima facie showing that his rights under N.C. Const. art. I, § 19 were violated. Because the statistical studies offered by the defendant do not relate specifically to North Carolina or to the district in which the defendant was tried, we hold that the defendant has failed to make a prima facie showing that the defendant's rights were violated under the North Carolina Constitution. This assignment of error is overruled.

We agree with the State and the defendant that there was prejudicial error pursuant to *McKoy*. For this reason the defendant must have a new sentencing hearing and we so order.

New sentencing hearing.

Justice MITCHELL concurs in the result.