STATE OF NORTH CAROLINA v. HARVEY LEE GREEN, JR.

No. 385A84-5

(Filed 9 June 1999)

## 1. Discovery— capital cases—post-conviction motion for appropriate relief—retroactivity of discovery statute

The discovery provisions of N.C.G.S. § 15A-1415(f) apply retroactively to post-conviction motions for appropriate relief in capital cases, but only when such motions were filed before the effective date of that statute, 21 June 1996, and had been allowed or were still pending on that date. In this context, the term "pending" means that on 21 June 1996 a motion for appropriate relief had been filed but had not been denied by the trial court, or the motion for appropriate relief had been denied by the trial court but the defendant had filed a petition for writ of certiorari which had been allowed by, or was still before, the N.C. Supreme Court.

**2. Discovery— capital case—discovery of State's file—effective date of statute—prior denial of motion for appropriate relief**

Defendant was not entitled to discovery of the State's complete files pursuant to N.C.G.S. § 15A-1415(f) where, at the time subsection (f) became effective on 21 June 1996, defendant had no motion for appropriate relief pending as the trial court had previously entered a final order denying his motion for appropriate relief, no petition for writ of certiorari to review that order had been allowed by the N.C. Supreme Court, and no petition for writ of certiorari was before the Court. Defendant's mere act of filing a motion with the trial court to reconsider its prior order denying his motion for appropriate relief did not make such order any less final or convert defendant's denied motion for appropriate relief into a pending motion so as to entitle him to discovery under N.C.G.S. § 15A-1415(f).

On writ of certiorari pursuant to N.C.G.S. § 7A-32(b) to review an order signed 31 August 1998 by Duke, J., in Superior Court, Pitt County, denying defendant's motion for discovery under N.C.G.S. § 15A-1415(f). Heard in the Supreme Court 8 February 1999.

*Michael F. Easley, Attorney General, by Valérie B. Spalding, Special Deputy Attorney General, for the State.*

*Center for Death Penalty Litigation, by Gretchen M. Engel, Staff Attorney; and Henderson Hill for defendant-appellant.*

MITCHELL, Chief Justice.

The issue before this Court is whether N.C.G.S. § 15A-1415(f), which governs post-conviction discovery in capital cases, applies to this defendant who was convicted of a capital offense, sentenced to death, and had his post-conviction motion for appropriate relief denied prior to 21 June 1996, the effective date of the statute. For the reasons that follow, we conclude that N.C.G.S. § 15A-1415(f) does not apply retroactively to such situations. Therefore, we affirm the order of the trial court denying defendant's motion for discovery pursuant to that statute.

Fifteen years ago, on 19 June 1984, defendant Harvey Lee Green, Jr., pled guilty to two counts of first-degree murder and two counts of common law robbery in connection with the 1983 beating deaths of Sheila Bland and Michael Edmondson. Following a capital sentencing

proceeding, the jury recommended a sentence of death for each first-degree murder conviction. The trial court entered judgment accordingly, and defendant appealed to this Court as a matter of right.

Prior to our review of the merits of that appeal, we remanded the case to the Superior Court, Pitt County, upon motion of the State, for a hearing pursuant to *Batson v. Kentucky*, 476 U.S. 79, 90 L. Ed. 2d 69 (1986), to determine whether there had been racial discrimination in the selection of defendant's jury. *State v. Green*, 324 N.C. 238, 376 S.E.2d 727 (1989). After the hearing, the trial court made findings of fact and concluded that there had been no racial discrimination in the jury selection. The case was then certified back to this Court. Because the trial court had not allowed defendant to present any evidence at the hearing, we remanded the case for another hearing pursuant to *Batson*. After that hearing, the trial court made detailed findings of fact and again found no *Batson* error. The case was again returned to this Court.

The State then filed a motion in which it conceded prejudicial error under *McKoy v. North Carolina*, 494 U.S. 433, 108 L. Ed. 2d 369 (1990), and moved that defendant receive a new capital sentencing proceeding. Thus, we vacated defendant's sentences and remanded the case to the Superior Court, Pitt County, for that purpose. *State v. Green*, 329 N.C. 686, 406 S.E.2d 852 (1991). Following defendant's second capital sentencing proceeding, a jury again recommended a sentence of death for each murder conviction, and the trial court sentenced defendant accordingly. Upon review, we found no error. *State v. Green*, 336 N.C. 142, 443 S.E.2d 14, *cert. denied*, 513 U.S. 1046, 130 L. Ed. 2d 547 (1994).

More than a year later, in December 1995, defendant filed a motion for appropriate relief in Superior Court, Pitt County. In his motion for appropriate relief, defendant requested discovery pursuant to then-existing law. After discovery had been completed, the trial court denied defendant's motion for appropriate relief on 1 May 1996. On 7 June 1996, defendant filed a motion to recuse and a motion to reconsider with the trial court. The record before us does not indicate that the trial court ever ruled on these motions, so we must assume that it did not.

On 21 June 1996, the General Assembly ratified "An Act to Expedite the Postconviction Process in North Carolina." Ch. 719, 1995 N.C. Sess. Laws 389. The Act included the addition of a new subsection of N.C.G.S. § 15A-1415 that concerns discovery in con-

nection with post-conviction motions for appropriate relief in capital cases and provides:

> (f) In the case of a defendant who has been convicted of a capital offense and sentenced to death, the defendant's prior trial or appellate counsel shall make available to the capital defendant's counsel their complete files relating to the case of the defendant. The State, to the extent allowed by law, shall make available to the capital defendant's counsel the complete files of all law enforcement and prosecutorial agencies involved in the investigation of the crimes committed or the prosecution of the defendant.

N.C.G.S. § 15A-1415(f) (1997). Thereafter, defendant twice requested discovery of the State's complete files pursuant to N.C.G.S. § 15A-1415(f). Because defendant's motion for appropriate relief had already been denied, the prosecutor denied the requests. Defendant then filed a petition for writ of certiorari with this Court on 12 July 1996 seeking to review the trial court's 1 May 1996 denial of his motion for appropriate relief. However, defendant filed his petition for writ of certiorari after the time granted him by this Court had expired and after we had denied his motion for an extension of time to file the petition. We granted the State's motion to dismiss defendant's petition for that reason.

Defendant subsequently filed a petition in United States District Court for a writ of habeas corpus, together with a motion for leave to conduct discovery of the State's files. The district court denied defendant's habeas corpus petition and concluded that his motion for discovery was moot. *Green v. French*, 978 F. Supp. 242 (E.D.N.C. 1997). Defendant appealed to the United States Court of Appeals for the Fourth Circuit which affirmed the district court's rulings and denied defendant's motion for rehearing. *Green v. French*, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, —— U.S. ——, 142 L. Ed. 2d 698 (1999).

On 3 April 1998, this Court filed its decision in *State v. Bates*, 348 N.C. 29, 497 S.E.2d 276 (1998), in which we applied N.C.G.S. § 15A-1415(f). In *Bates*, we concluded that the plain language of the discovery provision of the statute requires the prosecution in capital cases to disclose the complete files of all law enforcement and prosecutorial agencies involved in an investigation and prosecution of the capital defendant.

On 15 July 1998, defendant filed the motion for discovery *sub judice* in Superior Court, Pitt County, pursuant to N.C.G.S. § 15A-1415(f). On 31 August 1998, the trial court entered an order making findings of fact and concluding *inter alia* that: (1) defendant's post-conviction review was complete and that he had no motion for appropriate relief pending in state court; (2) neither N.C.G.S. § 15A-1415(f) nor *Bates* had been in effect when defendant's motion for appropriate relief was denied on 1 May 1996; (3) defendant had received all of the discovery to which he was legally entitled at the time his motion for appropriate relief had been denied; and (4) retroactive application of N.C.G.S. § 15A-1415(f) to defendant's previously denied motion for appropriate relief would disrupt the orderly administration of justice. Therefore, the trial court denied defendant's motion for discovery. Defendant petitioned this Court for a writ of certiorari to review the trial court's order denying his discovery motion. We allowed defendant's petition in order to consider the retroactivity question. We also allowed defendant's motion to supplement his certiorari petition.

On appeal, defendant contends that in its order of 31 August 1998, the trial court erred by denying him the expanded discovery rights provided by N.C.G.S. § 15A-1415(f) with regard to his motion for appropriate relief which had been previously denied by the trial court on 1 May 1996. The requirements of N.C.G.S. § 15A-1415(f) clearly apply to motions for appropriate relief filed on or after 21 June 1996. The issue presented here is whether the discovery provisions of new subsection (f) apply retroactively and, if so, whether they apply to this defendant's motion for appropriate relief which was denied by the trial court on 1 May 1996, prior to the effective date of the new subsection.

At the outset we note that this Court has adopted several standards relating to whether statutes which create new rules of North Carolina criminal procedure should be construed to apply retrospectively. It is a well-established rule of construction in North Carolina that a statute is presumed to have prospective effect only and should not be construed to have a retroactive application unless such an intent is clearly expressed or arises by necessary implication from the terms of the legislation. *In re will of Mitchell*, 285 N.C. 77, 203 S.E.2d 48 (1974). This Court has stated that "[e]very reasonable doubt is resolved against a retroactive operation of a statute." *Hicks v. Kearney*, 189 N.C. 316, 319, 127 S.E. 205, 207 (1925). However, another rule of statutory construction is that statutes relating to

modes of procedure are generally held to operate retroactively, where the statute or amendment does not contain language clearly evincing a contrary legislative intent. *Smith v. Mercer*, 276 N.C. 329, 172 S.E.2d 489 (1970). Applying the foregoing principles, we conclude that the legislature intended that N.C.G.S. § 15A-1415(f) apply retrospectively. However, our determination that new subsection (f) of the statute applies retrospectively does not, in and of itself, resolve the question of whether the discovery allowed by that subsection is available to defendant in the case which is before us.

Here, defendant contends that retrospective application of new subsection (f) entitles him to the full discovery provided by that section in connection with his motion for appropriate relief which was denied by the trial court on 1 May 1996. In this context, however, we conclude that defendant is not entitled to application of the new subsection to his post-conviction motion for appropriate relief which had been denied prior to the adoption of the subsection. Even if the concept of retroactivity is given its very broadest possible meaning, a defendant is not entitled to have new subsection (f) applied to a motion for appropriate relief which was no longer pending on 21 June 1996, the effective date of the subsection, because it had been denied by final judgment entered before that date. *See generally Teague v. Lane*, 489 U.S. 288, 103 L. Ed. 2d 334 (1989); *Griffith v. Kentucky*, 479 U.S. 314, 93 L. Ed. 2d 649 (1987); *State v. Zuniga*, 336 N.C. 508, 444 S.E.2d 443 (1994); *State v. Adams*, 335 N.C. 401, 439 S.E.2d 760 (1994); *State v. Robbins*, 319 N.C. 465, 356 S.E.2d 279, *cert. denied*, 484 U.S. 918, 98 L. Ed. 2d 226 (1987); *State v. Rivens*, 299 N.C. 385, 261 S.E.2d 867 (1980); *Morrison v. McDonald*, 113 N.C. 327, 18 S.E. 704 (1893). In this case, the trial court's order denying defendant's post-conviction motion for appropriate relief had become "final" before N.C.G.S. § 15A-1415 was amended to include new subsection (f), if the term "final" is given any reasonable possible meaning. Defendant filed the motion for appropriate relief at issue here on 18 December 1995. After defendant had obtained discovery pursuant to then-existing law, the trial court entered its order of 1 May 1996 denying the motion for appropriate relief. New subsection (f) of N.C.G.S. § 15A-1415 relating to a defendant's right to discovery in connection with motions for appropriate relief did not become effective until 21 June 1996, almost two months after the trial court denied defendant's motion for appropriate relief. Only much later, on 12 July 1996, did defendant file an *untimely* petition for writ of certiorari with this Court, which this Court dismissed for that reason.

**[1],[2]** For purposes of applying the discovery provisions of new subsection (f), we conclude that those provisions apply retroactively to post-conviction motions for appropriate relief in capital cases, but only when such motions were filed before 21 June 1996 and had been allowed or were still pending on that date. In this context, the term "pending" means that on 21 June 1996 a motion for appropriate relief had been filed but had not been denied by the trial court, or the motion for appropriate relief had been denied by the trial court but the defendant had filed a petition for writ of certiorari which had been allowed by, or was still before, this Court. Defendant has failed to meet this test. At the time new subsection (f) became effective on 21 June 1996, defendant had no motion for appropriate relief pending as the trial court had previously entered a final order denying his motion for appropriate relief, no petition for writ of certiorari to review that order had been allowed by this Court, and no petition for writ of certiorari was before this Court. Therefore, defendant is not entitled to the post-conviction discovery allowed in capital cases by new subsection (f), with regard to his motion for appropriate relief which was denied on 1 May 1996.

Further, we are convinced that our decision in *Bates* is irrelevant to the question of the retroactivity of the discovery requirements of new subsection (f). In *Bates,* we announced no new rule of criminal procedure. Instead, as our unanimous decision in *Bates* demonstrates, the new procedural rule embodied in subsection (f) was clear beyond all peradventure from the moment new subsection (f) became effective on 21 June 1996. *See generally Bates*, 348 N.C. 29, 497 S.E.2d 276.

Nonetheless, defendant contends that the intent of the legislature to ensure thorough and complete post-conviction review in capital cases requires disclosure of all of the State's investigative and prosecutorial files to all capital defendants in all post-conviction situations whatsoever. We do not agree.

The "Act to Expedite the Postconviction Process in North Carolina" apparently was enacted in 1996 in response to legislative concerns that the post-conviction process in capital cases appeared endless. *Id.* Moreover, legislative and judicial action in the federal arena seems to have provided much of the impetus behind the General Assembly's decision to revise the post-conviction process in this state. *See Felker v. Turpin*, 518 U.S. 651, 135 L. Ed. 2d 827 (1996) (interpreting and applying the federal Antiterrorism and Effective

Death Penalty Act of 1996). Defendant is correct that the legislature apparently intended for the amendment to " 'expedite the post-conviction process in capital cases while ensuring thorough and complete review.' " *State v. Atkins*, 349 N.C. 62, 109, 505 S.E.2d 97, 126 (1998) (quoting *Bates*, 348 N.C. at 37, 497 S.E.2d at 280-81). However, retroactive application of the discovery provision of subsection (f) to defendant here would not achieve the General Assembly's intent; instead, it would defeat that intent. A construction of the statute such as that proposed by defendant "which operates to defeat or impair the object of the statute must be avoided if that can reasonably be done without violence to the legislative language." *State v. Hart*, 287 N.C. 76, 80, 213 S.E.2d 291, 295 (1975); *see also Campbell v. First Baptist Church of Durham*, 298 N.C. 476, 484, 259 S.E.2d 558, 564 (1979) (policy objectives of a statute may be considered in ascertaining legislative intent). Here, we conclude that the legislature's objective in adopting the statute may reasonably be served without doing violence to the legislative language.

Applying the discovery provision of subsection (f) in the manner defendant proposes would mean that every death row inmate, without regard to his or her post-conviction status, would be entitled to begin discovery anew, thereby prolonging the capital post-conviction review process and staving off execution indefinitely. Those capital defendants who have already completed direct and collateral review could begin the process of capital case post-conviction review all over again by the simple expedient of filing discovery motions. Such a result would have a devastating effect on the orderly administration of our criminal justice system. After reviewing the language of N.C.G.S. § 15A-1415(f) in conjunction with the title of the Act, we are convinced that the General Assembly did not intend for the discovery procedures of N.C.G.S. § 15A-1415(f) to apply to motions for appropriate relief which were denied prior to 21 June 1996 and as to which no petition for writ of certiorari had been allowed by or was pending before this Court on that date.

In *Bates*, this Court recognized that the discovery provision of N.C.G.S. § 15A-1415(f) fit into a much larger statutory scheme designed to provide full post-conviction disclosure to counsel for capital defendants so that "they may raise all potential claims in a single motion for appropriate relief." *Bates*, 348 N.C. at 37, 497 S.E.2d at 281. Defendant's proposed application of N.C.G.S. § 15A-1415(f) would undermine that broad statutory framework for post-conviction review in capital cases.

In the instant case, defendant's motion for appropriate relief was denied by the trial court on 1 May 1996. This was a final judgment. Any appellate review of that judgment was subject to this Court's discretionary grant of certiorari. N.C.G.S. § 15A-1422(c)(3) (1997). When N.C.G.S. § 15A-1415(f) became effective on 21 June 1996, no petition for writ of certiorari seeking review of the 1 May 1996 order had been allowed by or was pending before this Court. On 21 June 1996, defendant's case was beyond the jurisdiction of the trial court and not pending before any other court of this state. N.C.G.S. § 15A-1418 (1997).

Further, the fact that defendant filed a motion to reconsider and a motion to recuse with the trial court on 7 June 1996, more than a month after it had denied his motion for appropriate relief, is not controlling. We need not consider here whether the trial court's denial of defendant's motion for appropriate relief would have been "final" for retroactivity purposes had defendant's motion for reconsideration been allowed by the trial court. We conclude here only that the mere act of a defendant in filing a motion with the trial court to reconsider its prior order denying a motion for appropriate relief does not make such order any less final or convert the defendant's denied motion for appropriate relief into a pending motion. To hold otherwise would encourage defendants in situations such as the one before us to play fast and loose with the courts; they could simply wait until some unforeseeable future time when execution was imminent, then breathe new life into a motion for appropriate relief which had been denied prior to the effective date of N.C.G.S. § 15A-1415(f) by filing a motion asking the trial court to reconsider a long-standing order denying the motion for appropriate relief. Again, this would entirely frustrate the intent of the legislature when it enacted the "Act to Expedite the Postconviction Process in North Carolina."

Since he entered his guilty pleas fifteen years ago, this capital defendant has received the benefit of every new rule of law to arise as his convictions and sentences have been reviewed time and again in both the state and federal courts. Defendant's two *Batson* hearings and second capital sentencing proceeding because of *McKoy* error represent only a minute part of the state and federal court review he has received. Defendant has also received full, fair, and thoughtful review of his conviction and capital sentences in this Court and full habeas review in federal court on several occasions. Not every new rule of criminal procedure should be made applicable in every case. At some point, every judgment in a capital

case must become final and the review process must cease. As stated by Justice O'Connor:

> Application of constitutional rules not in existence at the time a conviction became final seriously undermines the principle of finality which is essential to the operation of our criminal justice system. Without finality, the criminal law is deprived of much of its deterrent effect. . . . "[I]f a criminal judgment is ever to be final, the notion of legality must at some point include assignment of final competence to determine legality." Bator, *Finality in Criminal Law and Federal Habeas Corpus for State Prisoners*, 76 Harv. L. Rev. 441, 450-51 (1962) (emphasis omitted).

*Teague*, 489 U.S. at 309, 103 L. Ed. 2d at 355. Indeed, "[n]o one, not criminal defendants, not the judicial system, not society as a whole is benefitted by a judgment providing a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation." *Id.* (quoting *Mackey v. United States*, 401 U.S. 667, 691, 28 L. Ed. 2d 404, 419 (1971) (Harlan, J., concurring in judgments in part and dissenting in part)). We completely agree with these observations and conclude that they are equally applicable in this case involving a new statutory rule relating solely to procedures applied during post-conviction review. Accordingly, for the reasons previously stated, the order of the Superior Court, Pitt County, denying defendant's motion for discovery pursuant to N.C.G.S. § 15A-1415(f) is affirmed.

AFFIRMED.