STATE OF NORTH CAROLINA v. ERNEST WEST BASDEN

No. 159A93-3

(Filed 25 June 1999)

**Discovery— capital cases—motions for appropriate relief**

The trial court erred in a capital first-degree murder prosecution by denying defendant discovery pursuant to N.C.G.S. § 15A-1415(f) where, after sentencing, the trial court summarily denied defendant's motion for appropriate relief on 21 May 1996; defendant filed a motion to vacate this order, to which the State responded with a motion for summary denial; the trial court allowed defendant until 30 June 1996 to respond to the State's motion opposing his motion to vacate; N.C.G.S. § 15A-1415(f) became effective on 21 June 1996, requiring disclosure of law enforcement and prosecutorial files in capital cases; and defendant made a discovery request pursuant the statute when he filed his response to the State's motion. Defendant's motion to vacate the order denying his motion for appropriate relief was essentially a motion to reconsider the denial of his motion for appropriate relief and the trial court resurrected defendant's motion for appropriate relief by allowing defendant time to respond to the State's motion for summary denial of defendant's motion to vacate. A motion for appropriate relief was thereby pending before the trial court when N.C.G.S. § 15A-1415(f) became effective.

On writ of certiorari pursuant to N.C.G.S. § 7A-32(b) to review an order entered 31 July 1998 by Lanier (Russell, J., Jr.), J., in Superior Court, Duplin County, denying defendant's motion for discovery under N.C.G.S. § 15A-1415(f). Heard in the Supreme Court 8 February 1999.

*Michael F. Easley, Attorney General, by Edwin W. Welch, Valerie Spalding, and Barry McNeil, Special Deputy Attorneys General, for the State.*

*J. Matthew Martin, Harry C. Martin, and John D. Loftin for defendant-appellant.*

*Paul M. Green on behalf of the North Carolina Academy of Trial Lawyers and the National Association of Criminal Defense Lawyers, amici curiae.*

MITCHELL, Chief Justice.

In *State v. Green,* 350 N.C. 400, —— S.E.2d —— (1999), we determined that the discovery provided by N.C.G.S. § 15A-1415(f) applies retroactively to post-conviction motions for appropriate relief in capital cases, but only when such motions were filed before 21 June 1996 and had been allowed or were still pending on that date. As we conclude that defendant in this case filed his motion for appropriate relief prior to 21 June 1996 and it was still pending on that date, he is entitled to discovery under the statute. Accordingly, we reverse the trial court's order denying defendant's motion for discovery.

In 1993, defendant Ernest West Basden was sentenced to death and to a consecutive ten-year term of imprisonment for the murder of Billy Carlyle White and for conspiracy to commit murder. Upon review, we found no error. *State v. Basden,* 339 N.C. 288, 451 S.E.2d 238 (1994), *cert. denied,* 515 U.S. 1152, 132 L. Ed. 2d 845 (1995).

Defendant subsequently filed a motion for appropriate relief with the trial court on 30 January 1996 and a motion for discovery pursuant to then-existing law on 7 March 1996. The State responded with a motion for summary denial of defendant's motion for appropriate relief. Judge Lanier entered an order summarily denying and dismissing defendant's motion for appropriate relief on 21 May 1996.

On 29 May 1996, defendant filed a motion seeking to have the trial court vacate its 21 May 1996 order denying and dismissing his motion for appropriate relief. The State then filed a motion asking the trial court to summarily deny defendant's motion to vacate. By letter dated 13 June 1996, Judge Lanier informed defense counsel that he would not make a ruling until after he received defendant's written response to the State's motion. The trial court allowed defendant until 30 June 1996 to respond to the State's motion. Meanwhile, on 21 June 1996, N.C.G.S. § 15A-1415(f) became effective. When defendant filed his response to the State's motion on 30 June 1996, he also included a request for discovery under N.C.G.S. § 15A-1415(f). After considering all the motions filed by defendant and the State, Judge Lanier signed an order on 2 July 1996 summarily denying defendant's motion to vacate.

Shortly thereafter, an execution date was set for defendant by the warden of Central Prison. Defendant then filed a motion with the trial court to vacate his execution date. On 14 August 1996, following a

hearing, Judge Lanier signed an order vacating defendant's execution date.

Subsequently, defendant filed a petition for writ of certiorari in this Court seeking our review of the trial court's 2 July 1996 order. We denied the petition. Defendant then filed a motion to reconsider the denial of his petition for writ of certiorari with this Court. On 3 April 1998, this Court filed its decision in *State v. Bates*, 348 N.C. 29, 497 S.E.2d 276 (1998). In *Bates*, we concluded that N.C.G.S. § 15A-1415(f) requires the State to disclose to post-conviction defense counsel in capital cases the complete files used by all law enforcement and prosecutorial agencies in the investigation and prosecution of a defendant. Because we were unable to determine from defendant's petition and the State's response whether defendant had received all of the discovery to which he was entitled, we allowed defendant's motion for the limited purpose of remanding the case to the Superior Court, Duplin County, for reconsideration in light of *Bates*. *State v. Basden*, 348 N.C. 284, 501 S.E.2d 920 (1998).

On 31 July 1998, Judge Lanier entered an order in which he made findings of fact and concluded *inter alia* that defendant's motion for appropriate relief in this case had been denied and was no longer pending on 21 June 1996, the effective date of N.C.G.S. § 15A-1415(f), and that the discovery provision of the statute is not retroactive in such situations. Thus, the trial court denied defendant's motion for discovery.

Defendant petitioned this Court for a writ of certiorari to review the trial court's order denying his discovery motion and for a writ of mandamus. We allowed defendant's petition for writ of certiorari to consider the retroactivity issue but denied his petition for writ of mandamus.

Defendant contends that the trial court erred in denying his discovery motion. He argues before this Court that because he had a motion for appropriate relief still pending in the Superior Court, Duplin County, at the time N.C.G.S. § 15A-1415(f) became effective, he is entitled to the discovery provided for by that statute. We agree.

As noted above, we have previously addressed the issue of whether N.C.G.S. § 15A-1415(f) should be applied retroactively in capital cases where a defendant has had a motion for appropriate relief denied prior to 21 June 1996, the effective date of the statute. In *Green*, the capital defendant's motion for appropriate relief was

denied by the trial court prior to 21 June 1996. Nevertheless, the defendant wanted the discovery provisions applied retroactively to his case and to all other capital defendants who had motions for appropriate relief denied prior to 21 June 1996. We concluded that N.C.G.S. § 15A-1415(f) applies retroactively in capital cases to defendants whose post-conviction motions for appropriate relief were filed before 21 June 1996 if those motions had been allowed or were still pending on that date. *Green*, 129 N.C. at ——, —— S.E.2d at ——. We stated:

> For purposes of applying the discovery provisions of new subsection (f) [of N.C.G.S. § 15A-1415], we conclude that those provisions apply retroactively to post-conviction motions for appropriate relief in capital cases, but only when such motions were filed before 21 June 1996 and had been allowed or were still pending on that date. In this context, the term "pending" means that on 21 June 1996 a motion for appropriate relief had been filed but had not been denied by the trial court, or the motion for appropriate relief had been denied by the trial court but the defendant had filed a petition for writ of certiorari which had been allowed by, or was still before, this Court.

*Id.*

Here, the trial court summarily denied defendant's motion for appropriate relief on 21 May 1996. Defendant filed a motion to vacate this order, to which the State responded with a motion for summary denial. Although the trial court ultimately denied defendant's motion to vacate, it allowed defendant until 30 June 1996 to respond to the State's motion opposing his motion to vacate. On 21 June 1996, and during the time allotted for defendant to respond, N.C.G.S. § 15A-1415(f) became effective. When defendant filed his response to the State's motion, he also made a discovery request pursuant to N.C.G.S. § 15A-1415(f).

On these facts, we conclude that defendant's motion to vacate the order denying his motion for appropriate relief was essentially a motion to reconsider the denial of his motion for appropriate relief. By allowing defendant time to respond to the State's motion for summary denial of defendant's motion to vacate, the trial court resurrected defendant's motion for appropriate relief. The trial court's actions amounted to a reconsideration of its order dismissing defendant's motion for appropriate relief, thereby causing that motion for appropriate relief to be pending before the trial court until it was

again denied. As a result, final judgment on defendant's motion for appropriate relief was entered on 2 July 1996, after the effective date of N.C.G.S. § 15A-1415(f). Thus, defendant's motion for appropriate relief was pending before the trial court when N.C.G.S. § 15A-1415(f) became effective, and he was entitled to receive discovery under the statute.

For the foregoing reasons, the 31 July 1998 order of the Superior Court, Duplin County, denying defendant discovery pursuant to N.C.G.S. § 15A-1415(f) is reversed. The case is remanded to that court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.