STATE OF NORTH CAROLINA v. MARVIN EARL WILLIAMS, JR.

No. 264A90-5

(Filed 7 April 2000)

**1. Discovery— capital defendant—post-conviction—written motion—time for filing**

To be entitled to post-conviction discovery under N.C.G.S. § 15A-1415(f), a capital defendant must file a written motion for discovery within 120 days of the triggering occurrence under § 15A-1415(a). However, for capital defendants retroactively entitled to post-conviction discovery under *State v. Green*, 350 N.C.

400, the 120-day deadline for filing motions for discovery under § 15A-1415(f) runs from the date of certification of that decision, 29 June 1999.

### 2. Discovery— capital defendant—post-conviction—motion not timely

A capital defendant was not entitled to post-conviction discovery because his motion was not timely filed where (1) it was filed over three years after the U.S. Supreme Court denied defendant's petition for writ of certiorari on direct appeal, the triggering occurrence under N.C.G.S. § 15A-1415(a), and approximately two and one-half years after the effective date of that statute and the date his motion for appropriate relief was filed, and (2) defendant's motion for appropriate relief was not pending on the effective date of the statute.

On writ of certiorari pursuant to N.C.G.S. § 7A-32(b) to review an order entered 12 March 1999 by Jones (Arnold), J., in Superior Court, Wayne County, granting defendant's motion for discovery under N.C.G.S. § 15A-1415(f). Heard in the Supreme Court 13 December 1999.

*Michael F. Easley, Attorney General, by Valérie B. Spalding, Special Deputy Attorney General, for the State-appellant.*

*Shelby Duffy Benton and Glenn A. Barfield for defendant-appellee.*

MARTIN, Justice.

At the 30 April 1990 Criminal Session of Superior Court, Wayne County, defendant was convicted of first-degree murder and sentenced to death. On 10 September 1993 this Court granted defendant a new trial due to "reasonable doubt" instructional error. *State v. Williams,* 334 N.C. 440, 434 S.E.2d 588 (1993). The state petitioned the United States Supreme Court for writ of certiorari, and on 28 March 1994 that Court vacated and remanded the case to this Court for reconsideration in light of *Victor v. Nebraska,* 511 U.S. 1, 127 L. Ed. 2d 583 (1994). *North Carolina v. Williams,* 511 U.S. 1001, 128 L. Ed. 2d 42 (1994). On 30 December 1994, upon reconsideration, this Court found no error. *State v. Williams,* 339 N.C. 1, 452 S.E.2d 245 (1994). On 2 October 1995 the United States Supreme Court denied defendant's petition for writ of certiorari on direct appeal. *Williams v. North Carolina,* 516 U.S. 833, 133 L. Ed. 2d 61 (1995).

**STATE v. WILLIAMS**

[351 N.C. 465 (2000)]

On 3 July 1996 defendant filed a motion for appropriate relief (MAR) in the Superior Court, Wayne County. On 22 May 1997 the trial court denied defendant's MAR. On 11 February 1999 defendant filed a motion for postconviction discovery in the trial court. On 12 March 1999 the trial court granted defendant's motion for postconviction discovery pursuant to N.C.G.S. § 15A-1415(f). On 22 July 1999 we allowed the state's petition for writ of certiorari to review the trial court's order.

The state contends defendant is not entitled to postconviction discovery because defendant did not timely request discovery under section 15A-1415(f). We agree.

On 21 June 1996 the General Assembly ratified "An Act to Expedite the Postconviction Process in North Carolina." Ch. 719, 1995 N.C. Sess. Laws 389 (the Act). Among other provisions, a capital defendant is required to file his or her MAR within 120 days from the latest of the following events or occurrences (the "triggering occurrence"):

(1) The court's judgment has been filed, but the defendant failed to perfect a timely appeal;

(2) The mandate issued by a court of the appellate division on direct appeal pursuant to N.C.R. App. P. 32(b) and the time for filing a petition for writ of certiorari to the United States Supreme Court has expired without a petition being filed;

(3) The United States Supreme Court denied a timely petition for writ of certiorari of the decision on direct appeal by the Supreme Court of North Carolina;

(4) Following the denial of discretionary review by the Supreme Court of North Carolina, the United States Supreme Court denied a timely petition for writ of certiorari seeking review of the decision on direct appeal by the North Carolina Court of Appeals;

(5) The United States Supreme Court granted the defendant's or the State's timely petition for writ of certiorari of the decision on direct appeal by the Supreme Court of North Carolina or North Carolina Court of Appeals, but subsequently left the defendant's conviction and sentence undisturbed; or

(6) The appointment of postconviction counsel for an indigent capital defendant.

N.C.G.S. § 15A-1415(a)(1)-(6) (1999).

This Court has recognized that the legislative intent underlying the discovery statute, N.C.G.S. § 15A-1415(f), is to "expedite the post-conviction process in capital cases while ensuring thorough and complete review." *State v. Bates*, 348 N.C. 29, 37, 497 S.E.2d 276, 280-81 (1998); *accord State v. Green*, 350 N.C. 400, 407, 514 S.E.2d 724, 728, *cert. denied*, —— U.S. ——, 144 L. Ed. 2d 840 (1999); *State v. Atkins*, 349 N.C. 62, 109, 505 S.E.2d 97, 126 (1998), *cert. denied*, —— U.S. ——, 143 L. Ed. 2d 1036 (1999). Toward that end, N.C.G.S. § 15A-1415(f) provides for "early and full disclosure to counsel for capital defendants so that they may raise all potential claims in a single motion for appropriate relief." *Bates*, 348 N.C. at 37, 497 S.E.2d at 281. Moreover, the statute authorizes postconviction discovery to "assist the capital defendant in investigating, preparing, or presenting a motion for appropriate relief." N.C.G.S. § 15A-1415(f); *accord Bates*, 348 N.C. at 36, 497 S.E.2d at 280.[1] Because the purpose of the statute is to assist capital defendants in investigating, preparing, or presenting all potential claims in a single MAR, it logically follows that any requests for postconviction discovery must necessarily be made within the same time period statutorily prescribed for filing the underlying MAR.

We have not previously addressed the manner by which the discovery provisions contained in N.C.G.S. § 15A-1415(f) are to be executed. Specifically, we have assumed, but have not decided, that subsection (f) requires a capital defendant to file a written motion in order to obtain "the complete files of all law enforcement and prosecutorial agencies involved in the investigation of the crimes committed or the prosecution of the defendant." N.C.G.S. § 15A-1415(f). Because this Court now must decide the question of whether defendant timely requested postconviction discovery, we first examine whether, and by what means, he or she must do so.

The statute does not, by its express terms, require a capital defendant to file a motion to obtain postconviction discovery.

---

1. Although the statutory language at issue is addressed to the "interests of justice" exception to disclosure applicable to sensitive information within the state's files, we believe this same policy objective—assisting the capital defendant in investigating, preparing, or presenting a motion for appropriate relief—represents the overall legislative intent behind section 15A-1415(f)'s provision of postconviction discovery to capital defendants.

However, the requirement of a written motion is consistent with the custom and practice in our trial courts. Further, a written motion provides a logical means of notice that a capital defendant is exercising his or her discovery rights under the statute and will promote more accurate and uniform application of subsection (f). We therefore conclude that a capital defendant must file a written motion to be entitled to postconviction discovery under N.C.G.S. § 15A-1415(f).

[1] Accordingly, we hold that, to be entitled to postconviction discovery under section 15A-1415(f), a capital defendant must file a written motion for discovery within 120 days of the triggering occurrence under section 15A-1415(a).

One limited exception exists for those capital defendants retroactively entitled to postconviction discovery under our decision in *State v. Green*, 350 N.C. 400, 514 S.E.2d 724. In *Green* we held that defendants whose MARs had been allowed or were still pending on the effective date of N.C.G.S. § 15A-1415(f) were retroactively entitled to discovery. *Id.* at 406, 514 S.E.2d at 728. Until our decision in *Green*, section 15A-1415(f) had not been retroactively applied to cases in which petitions arising from the denial of motions for appropriate relief were pending in this Court on 21 June 1996. Accordingly, as to defendants entitled to postconviction discovery under *Green*, the 120-day deadline for filing motions for discovery under section 15A-1415(f) will run from the date of certification of our decision in *Green*, 29 June 1999.

[2] In the present case, defendant did not file his motion for postconviction discovery within the 120-day deadline prescribed for filing his MAR under N.C.G.S. § 15A-1415(a). Rather, defendant filed a motion for postconviction discovery on 11 February 1999, over three years after the United States Supreme Court denied defendant's petition for writ of certiorari on direct appeal, the apparent triggering occurrence under section 15A-1415(a), and approximately two and one-half years after the effective date of the statute, 21 June 1996, and the filing of his MAR, 3 July 1996. Defendant is therefore not entitled to discovery at this juncture unless otherwise eligible under the *Green* exception. Because defendant filed his MAR on 3 July 1996, it was not pending on the effective date of the statute, 21 June 1996. Accordingly, defendant is not retroactively entitled to discovery under *Green*.

We reverse the order of the Superior Court, Wayne County, allowing defendant's motion for discovery pursuant to N.C.G.S.

**K&S ENTERS. v. KENNEDY OFFICE SUPPLY CO.**

[351 N.C. 470 (2000)]

§ 15A-1415(f) and remand this case to that court for entry of an order consistent with this opinion.

REVERSED.