**STATE v. SEXTON**

[352 N.C. 336 (2000)]

———

STATE OF NORTH CAROLINA v. MICHAEL EARL SEXTON

No. 499A91-4

(Filed 13 July 2000)

## 1. Discovery— capital cases—postconviction motion for appropriate relief—retroactivity of discovery statute

Although defendant filed his motion for postconviction discovery of prosecutorial and law enforcement investigative files pursuant to N.C.G.S. § 15A-1415(f) over three years after his initial filing of a motion for appropriate relief, the trial court did not err in holding that defendant was retroactively entitled to discovery because on 21 June 1996, defendant's motion for appropriate relief, or at least a portion thereof, was pending before the trial court.

## 2. Discovery— capital cases—discovery of State's files— Attorney General's files not included

Although defendant is entitled to postconviction discovery of prosecutorial and law enforcement investigative files pursuant to N.C.G.S. § 15A-1415(f), the Attorney General's files are excluded from those discoverable files because: (1) N.C.G.S. § 15A-1415(f) limits the files available to defendants in a postconviction discovery phase to those that relate specifically to the investigation of the crimes committed or to the prosecution of defendant; (2) the district attorney is responsible for the prosecution of criminal cases on behalf of the State; (3) the Attorney General is not a "law enforcement" or "prosecutorial" agency, as specified in N.C.G.S. § 15A-1415(f) since its role in criminal cases is limited by law to defending the conviction during the appellate and capital post-

conviction stages of the case; and (4) the only possible exception, which is not present in this case, is when the Special Prosecutions Division of the Attorney General's office did, in fact, prosecute or participate in the actual prosecution, N.C.G.S. § 114-11.6.

On writ of certiorari pursuant to N.C.G.S. § 7A-32(b) to review an order entered 30 August 1999 by Stephens (Donald W.), J., in Superior Court, Wake County, granting defendant's motion for discovery under N.C.G.S. § 15A-1415(f). Heard in the Supreme Court 13 December 1999.

*Michael F. Easley, Attorney General, by Valérie B. Spalding, Special Deputy Attorney General, for the State-appellant.*

*Irving Joyner and Tracy Barley for defendant-appellee.*

ORR, Justice.

The facts and procedural history relevant to this action are as follows. Defendant, Michael Earl Sexton, was tried capitally at the 9 September 1991 Criminal Session of Superior Court, Wake County, on charges of first-degree murder, first-degree rape, first-degree sexual offense, first-degree kidnapping, and common law robbery. The jury found defendant guilty of all charges. After a capital sentencing proceeding, the jury recommended a sentence of death for the first-degree murder conviction. The trial court subsequently entered consecutive sentences of life imprisonment for the rape conviction, life imprisonment for the sexual offense conviction, forty years' imprisonment for the kidnapping conviction, and ten years' imprisonment for the robbery conviction. On appeal, this Court found no error, and the United States Supreme Court subsequently denied defendant's petition for writ of certiorari. *State v. Sexton,* 336 N.C. 321, 444 S.E.2d 879, *cert. denied,* 513 U.S. 1006, 130 L. Ed. 2d 429 (1994).

In an order filed on 1 April 1996, the trial court stated the procedural history as follows:

6. On 15 September 1995, defendant filed a Motion for Appropriate Relief and Evidentiary Hearing, a Motion to Submit Physical Evidence for DNA Testing and a Motion to Appoint Psychological Expert.

. . . .

8. On 2 October 1995, the State filed a Motion to Declare Attorney/Client Privilege Waived and to Provide Access to Defendant's Case Files, and a Motion for Partial Summary Judgment.

9. On 21 December 1995, [the trial court heard] defendant's Motion to Submit Physical Evidence for DNA Testing, and his Motion to Appoint Psychological Expert, and . . . the State's Motion to Declare Attorney/Client Privilege Waived and its Motion for Partial Summary Judgment. That same day in open court, [the trial court] denied defendant's Motions and allowed the State's Motions.

10. On 9 January 1996, defendant filed an Amended Motion for Appropriate Relief and Evidentiary Hearing.

11. On 22 February 1996, [the trial court] entered a written Order denying defendant's Motion to Submit Physical Evidence for DNA Testing and his Motion to Appoint Psychological Expert, and allowed the State's Motion to Declare Attorney/Client Privilege Waived and its Motion for Partial Summary Judgment.

. . . .

13. On 6 March 1996, the State filed its Answer to Defendant's Motion for Appropriate Relief and Evidentiary Hearing.

14. On 11 April 1996, the State filed a Motion for Partial Denial of Defendant's MAR on the Pleadings . . . .

The trial court, after making findings of fact, made the following conclusions of law:

1. Claims IIB, IIC, IIE and V (5) of defendant's Amended Motion for Appropriate Relief and Evidentiary Hearing are DENIED.

2. The State's Motion for Partial Denial of defendant's MAR on the Pleadings is ALLOWED.

3. Claims IIA, IID, IIID and IV (4) only of defendant's Amended Motion for Appropriate Relief and Evidentiary Hearing remain for resolution at an evidentiary hearing.

4. Defendant is barred from raising any issue in any subsequent Motion for Appropriate Relief that he was in a position to raise in the present Amended Motion for Appropriate Relief but failed to do so.

Defendant petitioned this Court for writ of certiorari on 16 May 1996 seeking review of the denied claims. This Court denied that petition on 12 June 1996. On 15 October 1996, the trial court resolved the remaining claims against defendant.

This matter arises out of defendant's motion for postconviction discovery filed in Superior Court, Wake County, on 8 December 1998, seeking prosecutorial and law enforcement investigative files. On 30 August 1999, the trial court entered an order finding, *inter alia*, that on the date of the enactment of N.C.G.S § 15A-1415(f), 21 June 1996, a portion of defendant's motion for appropriate relief was still pending. Thus, the trial court concluded that, in accordance with *State v. Green*, 350 N.C. 400, 514 S.E.2d 724, *cert. denied*, —— U.S. ——, 144 L. Ed. 2d 840 (1999), and *State v. Basden*, 350 N.C. 579, 515 S.E.2d 220 (1999), defendant was entitled to postconviction discovery. On 1 September 1999, the State filed a motion for reconsideration of defendant's entitlement to postconviction discovery in light of *State v. Keel*, 350 N.C. 824, —— S.E.2d —— (1999), to which defendant responded on 10 September 1999. The trial court denied the State's motion on 14 September 1999, concluding that its previous ruling was correct under the mandate of *Green* and *Basden* and that it had "no authority to rule otherwise." Following the entry of the trial court's order allowing discovery, defendant notified the State that he also wanted to review the Attorney General's files. The State then petitioned this Court for writ of certiorari which was allowed on 28 September 1999.

The issue for review is whether the trial court properly granted defendant's motion for postconviction discovery under N.C.G.S. § 15A-1415(f) and, if so, what that postconviction discovery right entails. The State argues that the trial court erred in granting defendant's motion for postconviction discovery in that defendant waited too long to file his motion for appropriate relief and thus waived his right to postconviction discovery, and even if defendant is entitled to discovery, the Attorney General's files are not subject to postconviction discovery.

[1] The State first argues that defendant, by filing his motion for discovery pursuant to N.C.G.S. § 15A-1415(f) over three years after his

initial filing of a motion for appropriate relief, waived his rights to discovery. Based upon our recent decision in *State v. Williams*, 351 N.C. 465, 526 S.E.2d 655 (2000), we disagree.

The legislature adopted N.C.G.S. § 15A-1415(f) effective 21 June 1996. This statute grants broad discovery rights to capital defendants whose cases are in postconviction review. The text of N.C.G.S. § 15A-1415(f) is as follows:

> In the case of a defendant who has been convicted of a capital offense and sentenced to death, the defendant's prior trial or appellate counsel shall make available to the capital defendant's counsel their complete files relating to the case of the defendant. The State, to the extent allowed by law, shall make available to the capital defendant's counsel the complete files of all law enforcement and prosecutorial agencies involved in the investigation of the crimes committed or the prosecution of the defendant. If the State has a reasonable belief that allowing inspection of any portion of the files by counsel for the capital defendant would not be in the interest of justice, the State may submit for inspection by the court those portions of the files so identified. If upon examination of the files, the court finds that the files could not assist the capital defendant in investigating, preparing, or presenting a motion for appropriate relief, the court in its discretion may allow the State to withhold that portion of the files.

N.C.G.S. § 15A-1415(f) (1999).

In *State v. Williams*, we held that "[b]ecause the purpose of [N.C.G.S. § 15A-1415(f)] is to assist capital defendants in investigating, preparing, or presenting all potential claims in a single [motion for appropriate relief], it logically follows that any requests for postconviction discovery must necessarily be made within the same time period statutorily prescribed for filing the underlying [motion for appropriate relief]." *Williams*, 351 N.C. at 468, 526 S.E.2d at 656. The time frame set forth for the underlying motion for appropriate relief requires that such a motion be filed within 120 days of the triggering occurrence as defined under N.C.G.S. § 15A-1415(a). *Id.*

*Williams* allows for one exception to this rule, which applies to those defendants who are retroactively entitled to postconviction discovery based on the decision in *Green*. The *Green* decision entitles defendants to postconviction discovery if their motions for appropriate relief had been allowed before or were still pending on 21

June 1996, the date that N.C.G.S. § 15A-1415(f) became effective. "Pending," as defined by our Court in *Green,* "means that on 21 June 1996 a motion for appropriate relief had been filed but had not been denied by the trial court, or the motion for appropriate relief had been denied by the trial court but the defendant had filed a petition for writ of certiorari which had been allowed by, or was still before, this Court." *Green,* 350 N.C. at 406, 514 S.E.2d at 728. In *Williams,* we held that the 120-day deadline for filing motions of discovery under N.C.G.S. § 15A-1415(f) would commence 29 June 1999, the day that our *Green* opinion was certified, essentially adding the *Green* decision as a triggering event. *Williams,* 351 N.C. 465, 526 S.E.2d 655.

In the instant case, defendant filed his motion for appropriate relief on 15 September 1995. After the trial court denied portions of that motion for appropriate relief on 21 December 1995, defendant filed an amended motion for appropriate relief. In an order dated 1 April 1996, the trial court denied defendant's motion as to all but four claims, which were formally denied on 15 October 1996. Therefore, on 21 June 1996, the motion for appropriate relief, or at least a portion thereof, was pending before the trial court. Because the motion for appropriate relief was still pending, as pending is defined in the *Green* test, N.C.G.S. § 15A-1415(f) must be applied retroactively in this instance. Therefore, we hold that the trial court correctly ruled that defendant is entitled to postconviction discovery under N.C.G.S. § 15A-1415(f).

[2] The second question that the State argues relates to whether the Attorney General's files fall within the purview of N.C.G.S. § 15A-1415(f). The State contends that the Attorney General is not a "law enforcement" or "prosecutorial" agency, as specified in N.C.G.S. § 15A-1415(f), but rather that its role in criminal cases is limited by law to defending the conviction during the appellate and capital postconviction stages of the case except in limited exceptions that are not present here. We agree.

Our Constitution dictates that the Attorney General's duties are those "prescribed by law." N.C. Const. art. III, § 7(2). In cases such as the case *sub judice,* the Attorney General is subsequently limited by law to defending the conviction during the appellate and, when applicable, the capital postconviction portions of the case. *See* N.C.G.S. § 114-2(1) (1999). N.C.G.S. § 15A-1415(f) limits the files available to defendants in a postconviction discovery phase to those

that relate specifically to the investigation of the crimes committed or to the prosecution of the defendant. N.C.G.S. § 15A-1415(f). It is the district attorney who is "responsible for the prosecution of criminal cases 'on behalf of the State.' " *State v. Bates*, 348 N.C. 29, 38, 497 S.E.2d 276, 281 (1998) (quoting N.C. Const. art. IV, § 18). Accordingly, it is the district attorney who shall "be responsible for the *prosecution* on behalf of the State of all criminal actions in the Superior Courts of his district, perform such duties related to appeals therefrom as the Attorney General may require, and perform such other duties as the General Assembly may prescribe." N.C. Const. art. IV, § 18 (emphasis added).

"The Attorney General has no voice in the preparation of the record on appeal but must take it as he finds it." *State v. Hickman*, 2 N.C. App. 627, 630, 163 S.E.2d 632, 633 (1968). Because the Attorney General does not generally "prosecute" but instead only defends the State's conviction when on appeal, we conclude that the Attorney General's files do not fall within the purview of N.C.G.S. § 15A-1415(f). Therefore, defendant is not generally entitled to access to such files in postconviction discovery by way of N.C.G.S. § 15A-1415(f). The possible exception to this rule would exist when the Special Prosecutions Division of the Attorney General's office did, in fact, prosecute or participate in the actual prosecution. This occurs only when attorneys assigned to that division are "requested to [assist in the prosecution] by a district attorney and the Attorney General approves." N.C.G.S. § 114-11.6 (1999). This, however, is not the circumstance in the present case.

For the reasons stated herein, the order of the superior court to grant defendant postconviction discovery rights under N.C.G.S. § 15A-1415(f) is affirmed, but files belonging to the Attorney General's office are excluded from those discoverable files.

AFFIRMED.