STATE OF NORTH CAROLINA v. DANNY LEE DALTON, DEFENDANT

No. COA08-873

(Filed 2 June 2009)

**Motor Vehicles— impaired driving—sentencing—notice of aggravating factors—effective date of statute**

The trial court did not err in an impaired driving prosecution by allowing the State to present evidence of grossly aggravating factors without having complied with the ten-day notice provisions of the amended N.C.G.S. § 20-179(a1)(1). Although defendant acknowledged that the Motor Vehicle Driver Protection Act was passed after the date of his offense, he contended that the statute relates to a mode of procedure and should be applied retroactively. However, defendant focused only on the statute and overlooked the dispositive language in the Act, which had an effective date that was after the date of defendant's offense.

Appeal by defendant from judgment entered 25 January 2008 by Judge William Z. Wood, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 15 January 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Jess D. Mekeel, for the State.*

*David Q. Burgess for defendant-appellant.*

GEER, Judge.

Defendant Danny Lee Dalton was convicted of driving while impaired ("DWI") and sentenced to 24 months imprisonment based on the trial court's finding of two grossly aggravating circumstances. On appeal, defendant contends that his sentence is improper because the State failed to give him 10 days notice of its intent to submit grossly aggravating factors, as required by N.C. Gen. Stat. § 20-179(a1)(1) (2007). We hold that the trial court properly concluded that this notice provision did not apply in this case because defendant committed his offense prior to the effective date of the statute providing for 10 days notice. We, therefore, uphold defendant's judgment and commitment.

Facts

On 16 March 2007, defendant was convicted of DWI in Forsyth County District Court. After defendant appealed to superior court, a

jury also found defendant guilty of DWI. Prior to sentencing, the State announced that it intended to submit evidence of grossly aggravating factors pursuant to N.C. Gen. Stat. § 20-179(c). Defense counsel objected on the grounds that the State had not given defendant 10 days notice of its intent to submit those factors in accordance with the newly-amended N.C. Gen. Stat. § 20-179(a1)(1). The trial court found that the amended version of N.C. Gen. Stat. § 20-179(a1)(1) did not apply to the case, overruled defendant's objection, and permitted the State to submit evidence of grossly aggravating factors.

The trial court subsequently found as grossly aggravating factors defendant's two prior DWI convictions that had occurred within seven years of the charged offense. After finding no aggravating or mitigating factors, the trial court sentenced defendant to 24 months imprisonment. Defendant timely appealed to this Court.

## Discussion

Defendant's sole contention on appeal is that the trial court erred in ruling that N.C. Gen. Stat. § 20-179(a1)(1), as amended, did not apply and that the State was not, therefore, required to give defendant at least 10 days notice of its intent to submit his prior convictions as grossly aggravating factors in sentencing.[1] N.C. Gen. Stat. § 20-179(c) provides that "[a]t the sentencing hearing [of a defendant convicted of an impaired driving offense], based upon the evidence presented at trial and in the hearing, the judge, or the jury in superior court, must first determine whether there are any grossly aggravating factors in the case." As was the situation in this case, it is the responsibility of the judge to determine the existence of any prior convictions that the statute sets out as constituting grossly aggravating factors. N.C. Gen. Stat. § 20-179(c). The statute specifies that grossly aggravating factors include a defendant's prior DWI conviction if that conviction "occurred within seven years before the date of the offense for which the defendant is being sentenced." N.C. Gen. Stat. § 20-179(c)(1)(a).

In 2006, the General Assembly passed the Motor Vehicle Driver Protection Act ("the Act"). 2006 N.C. Sess. Laws ch. 253. Section 23 of the Act created the provision relied upon by defendant by rewriting N.C. Gen. Stat. § 20-179(a1)(1) to state:

---

1. Defendant included in the record on appeal an assignment of error asserting that the State's failure to comply with N.C. Gen. Stat. § 20-179(a1)(1) violated his due process rights. Although defendant cites this assignment of error in his brief, he does not present any argument on the issue. Therefore, we deem that assignment of error abandoned under N.C.R. App. P. 28.

If the defendant appeals to superior court, and the State intends to use one or more aggravating factors under subsections (c) or (d) of this section, the State must provide the defendant with notice of its intent. The notice shall be provided no later than 10 days prior to trial and shall contain a plain and concise factual statement indicating the factor or factors it intends to use under the authority of subsections (c) and (d) of this section. The notice must list all the aggravating factors that the State seeks to establish.

*Id.* sec. 23.

Although defendant acknowledges that this Act was passed after the date of his offense, he argues that the statute relates to a mode of procedure and should, therefore, be applied retroactively. As defendant asserts, the Supreme Court held in *State v. Green*, 350 N.C. 400, 404-05, 514 S.E.2d 724, 727, *cert. denied*, 527 U.S. 1066, 144 L. Ed. 2d 840, 120 S. Ct. 38 (1999), that "statutes relating to modes of procedure are generally held to operate retroactively, where the statute or amendment does not contain language clearly evincing a contrary legislative intent."

Defendant, however, in contending that the General Assembly did not express an intent contrary to retroactive application, has focused only on the statute as codified and has overlooked the dispositive language contained in the Act itself. Section 33 of the Act specifically addresses the effective dates of the various sections of the Act and states:

Sections 20.1, 20.2, and the requirement that the Administrative Office of the Courts electronically record certain data contained in subsection (c) of G.S. 20-138.4, as amended by Section 19 of this act, become effective after the next rewrite of the superior court clerks system by the Administrative Office of the Courts. *The remainder of this act becomes effective December 1, 2006, and applies to offenses committed on or after that date.*

(Emphasis added.)[2]

By the terms of the Act, therefore, section 23 of the Act—creating the notice provisions in N.C. Gen. Stat. § 20-179(a1)(1)—applies only to offenses committed on or after 1 December 2006. The date of defendant's offense was 27 May 2006. Accordingly, the trial court did

---

2. These effective dates were amended in 2007 N.C. Sess. Laws ch. 493 sec. 5 as to sections 6 and 23 only of the Motor Vehicle Driver Protection Act of 2006.

not err in allowing the State to present evidence of grossly aggravating factors without having complied with the 10-day notice provisions of the amended N.C. Gen. Stat. § 20-179(a1)(1).

No error.

Judges STEELMAN and STEPHENS concur.